This is a suit for 400 weeks compensation, less 70 weeks previously paid. The petition alleges that plaintiff was employed as a saw filer and scaler; that, while in the course of his employment, and, while attempting to trim a piece of lumber by the use of a power driven cut off saw, he received an injury which resulted in the loss of a substantial portion of his left hand, including the thumb, the first joint of the first and middle fingers, the first two joints of the ring finger and a stiffening of all remaining finger joints. Plaintiff *Page 250 
alleged that as a result of the injury, he was totally and permanently disabled within the meaning of the Workmen's Compensation Law Act No. 20 of 1914, as amended; that he could no longer follow the occupation of saw filing, an occupation that he had followed for more than twenty-five years, and that he is unable to perform manual labor of any kind.
Defendants filed a joint answer, admitting the employment of plaintiff at the sawmill of the defendant lumber company and the payment by the defendant insurance company of $1400.00 in compensation, but denied that plaintiff was engaged in the operation of trimming lumber at the time of his injury and denied the allegations relative to the extent of disability.
The District Court found for plaintiff and the case is before us on appeal from that judgment.
Plaintiff was second in charge to a Mr. Baum in the operation of defendant's sawmill. His specific tasks wire to scale such logs as were received at the mill and to file crosscut saws. In addition, he performed general tasks around the mill and was free to do whatever seemed necessary in facilitating the mill's operation.
The injury occurred on a Saturday afternoon while only plaintiff and defendant's manager, Mr. Baum, were present at the mill. They were performing the customary Saturday task of preparing the small mill for its weekend shutdown. Part of this weekly shutdown work consisted of burning out the slab pile so as to reduce the fire hazard. Mr. Baum went to the burning pit, leaving plaintiff to attend to the operation of the two engines, which operated the mill machinery, including a blower which accelerated the burning of the slabs and waste. Plaintiff was being paid for this Saturday afternoon work. In addition to being on duty with the engines, he was available — and used when occasion required — to scale any logs that might arrive on Saturday afternoon.
The mechanical set-up of the mill was such that when it was desired to operate the blower which accelerated the burning of waste, all the other machinery connected to the engines was also automatically put in operation. Included in the machinery which was necessarily — though idly — operating on the Saturday afternoon in question, was a circular cut off saw situated about ten feet from the motors which plaintiff was attending. Plaintiff's injury occurred when he picked up a short piece of scrap lumber and proceeded to run it through the cut off saw. Plaintiff's petition alleged that his purpose in using the saw at the time was "to trim a piece of lumber." Defendants introduced evidence at the trial that the material was only a piece of slab, less than 30 inches long, incapable of being used for lumber and that plaintiff's purpose was to cut it in two pieces for his own use as stove wood. The District Court found — and the record amply sustains this finding — that the board being trimmed by plaintiff at the time of his injury was not fit for sale and was usable only as fire wood.
After 70 weeks, defendants discontinued paying compensation and the defense in the present suit is that plaintiff at the time of his injury had turned aside from his employment and was engaged in a task which served his own interest exclusively and had not sufficient relationship to his employment to entitle him to benefits under the compensation law.
Plaintiff's contention is that he was simply taking advantage of the fact that the nature of the duty he was performing — namely, that of watching the engines and being available for the scaling of such logs as might be brought to the mill — permitted him to cut some stove wood for himself; that, when he was injured, he had not left the place of his employment or ceased to perform the duties required of him at the time.
The record discloses that the defendant lumber company permitted its employees to carry away for fuel slabs which otherwise would have been burned as waste and had permitted employees at convenient times while on duty to cut such slabs into convenient lengths for wood. The alternative method of disposing of waste slabs was to place them in the conveyer trough (situated some four feet from the cut off saw) to be carried to the burning pit. *Page 251 
The case turns upon a question of law. Is compensation due an employee who is injured, while at his place of duty, while watching machinery as required by his employer, while available on the premises for his other duty of scaling any logs that might arrive, but whose injury occurs when the employee is also performing some other act for his own benefit?
In the case of St. Alexandre v. Texas Company et al., La. App., 28 So.2d 385, 387, an employee was granted compensation for an injury which he received while opening a bottle of RC Cola, which he had taken during work hours — as was permitted by the company — from a cooler set up on the premises for the use of all employees. The Court in the course of that opinion noted that it is well settled that "when an employee temporarily leaves his work to get a drink or to go to the toilet, he is, nevertheless, considered as still being 'at work' to such an extent that if, during that interval, he is injured in an accident, it is proper to say that the accident occurred 'in the course of the employment.'"
This case quotes with approval from an article in the Indiana Law Journal, Vol. 21, No. 4, which recites that many acts of a personal nature, such as getting fresh air, smoking, resting, eating food or ice cream, drinking water or other refreshment, taking baths in showers provided by the employer, using the telephone, etc., are compensable incidents of the employment should injury occur.
In an earlier Supreme Court case, Kern v. Southport Mill, Ltd., 174 La. 432, 141 So. 19, the Court laid down the rule that in determining whether an accident arises out of the employment, it is necessary to consider only two questions. First, was the employee then engaged about his employer's business and not merely pursuing his own business or pleasure and second, did the necessity of the employer's business reasonably require that the employee be at the place of the accident at the time the accident occurred.
In the case before us, plaintiff's injury "arose out of his employment" according to the test set forth in the Kern case. Certainly the necessities of the employer's business reasonably required him to be at the place of the accident at the time the accident occurred and, while he was incidentally pursuing his own business in that he was trimming stove wood for himself, he was also satisfactorily performing the required duty of attending to the operation of the motors. He was also about his employer's business to the extent that he was available at the mill site in the event logs should arrive for scaling. The fact that he was at the time, and without ceasing to attend to his employer's business, using the cut off saw, which otherwise would have been idle, for his own benefit did not alter the inescapable fact that he was also at the time performing the duties required of him by his employment.
The legal situation would have been no different than had he been injured by an Act of God, such as in the case of Harvey v. Caddo De Soto Cotton Oil Co., Inc., La. App., 6 So.2d 742, or had he been injured while taking refreshments for his own pleasure as in the St. Alexandre case, supra.
To sum up, we find as a matter of fact that at the time plaintiff Leckie was injured, he was not engaged in trimming lumber for the benefit of his employer, nor was he engaged in the picking up of boards as a part of any clean-up duty which might have benefited his employer. We find that Mr. Leckie's duty at the time of his injury, as assigned to him by defendant's foreman, was to attend to the running of the engines and machinery, including the blower, and to keep himself available to scale any logs that might arrive at the mill. We find that his injury resulted when he, taking advantage of the fact that his duties did not require the use of his hands for any purpose at the minute, picked up a small board and proceeded to cut some stove wood for his own personal use.
We think that under the Louisiana authorities plaintiff is entitled to compensation. At the time of his injury he was, to the extent that he was watching the engines, engaged in his employer's business. It is true that he was also engaged in cutting stove wood for his own purposes, *Page 252 
but under the test of the Kern case, supra, it could not be said that "he was merely pursuing his own business." He meets the further requirement of the Kern case that the necessities of the employer's business reasonably required that he be at the place of the accident at the time the accident occurred.
The judgment is affirmed, with costs.