131 So.2d 558 (1961)
Roosevelt ALEXANDER, Plaintiff-Appellant,
v.
INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Defendant-Appellee.
No. 308.
Court of Appeal of Louisiana, Third Circuit.
June 19, 1961.
*559 Domengeaux, Roy & Wright by Bob F. Wright, Lafayette, for plaintiff-appellant.
Mouton, Champagne & Colomb, by Welton P. Mouton, Lafayette, for defendant-appellee.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
This is a workmen's compensation suit. Made defendant is the employer's compensation insurer. The District Court rendered judgment in the plaintiff employee's favor.
The plaintiff appeals, urging that the trial court's award of compensation was insufficient and also that the trial court incorrectly denied penalties and attorney's fees for the arbitrary nonpayment of compensation. The defendant answers the appeal, urging that the judgment should be reversed and the plaintiff's suit dismissed, chiefly because allegedly the plaintiff employee had deviated from the course and scope of his employment at the time of his alleged injury.
It is stipulated that the plaintiff was involved in an accident on January 15, 1959 while driving his employer's truck, when it ran into a ditch and overturned, and that the correct weekly rate of workmen's compensation due, if an award is made, is $27.30 per week.
The plaintiff was employed as a truck driver. On the afternoon of the accident, he drove from his employer's place of business in Breaux Bridge to deliver some shells near Cecilia, eight miles away. On his way back to Breaux Bridge to finish the work-day, he turned on a side road which looped past the plaintiff's home before rejoining the main road, in order to pick up some boots, since it had commenced raining during the work-day and the plaintiff's low shoes had become muddy and his feet cold and wet at work during the day.
The accident occurred approximately a half mile from the main road, and the total detour would have been approximately two and one-half miles, had the plaintiff successfully completed it. The employer testified that no route was specified, although he expected his employees to use the shortest route.
The trial court correctly held that the plaintiff's accident is compensable because the deviation upon which it was sustained was not for purely personal reasons, but also for purposes incidental to the employment, being to pick up his boots in order to work better during the remainder of the day.
*560 An employee protected by the Louisiana statute is entitled to receive workmen's compensation if disabled "by accident arising out of and in the course of his employment." LSA-R.S. 23:1031. As stated in Kern v. Southport Mill, 174 La. 432, 141 So. 19, 21, a leading case on the subject: For purposes of the workmen's compensation act, "an accident occurs in the course of an employment when it takes place during the time of such employment" and it arises out of the employment when it is "the result of some risk to which the employee is subjected in the course of his employment to which he would not have been subjected had he not been so employed". In a later leading case, Edwards v. Louisiana Forestry Commission, 221 La. 818, 60 So.2d 449, our Supreme Court held an employee's disability compensable as arising out of and in the course of his employment, even though when incurred in departing from the post of duty in order to rescue a child attacked by a large dog, because the rescue attempt "was reasonably within the scope of those things contemplated by his employment." 60 So.2d 454.
Thus, in St. Alexandre v. Texas Co., La. App. Orleans, 28 So.2d 385, certiorari denied, compensation was awarded to an employee injured while getting a soft drink away from the bulk plant where he worked and while visiting temporarily in the main office of his employer. Likewise, in Rigsby v. John W. Clark Lbr. Co., La.App., 28 So.2d 346, certiorari denied, a bookkeeper received compensation, although injured when voluntarily and in excess of his assigned duties attending to a broken telephone wire dangling on the approaches to his employer's premises.
"An employee is within the course of his employment where he is doing the work that he was engaged to do or an act or service naturally related or incidental thereto, or those reasonable things expressly or impliedly authorized by his contract of employment," 99 C.J.S. Workmen's Compensation §216, p. 711. (Italics ours.) "Acts necessary to the life, comfort or convenience of an employee while at work, although personal to him and not technically acts of service, are incidental to the service, and an injury occurring while in the performance of such acts is compensable as `arising out of, and `in the course of, the employment." 99 C.J.S. Workmen's Compensation §220, pp. 722-723. Where an employee detours from the main route, "The fact that the injury was suffered when the employee was somewhat off the most direct route does not establish that it was not suffered in the course of his employment, particularly where the employee had freedom of choice as to route." 99 C.J.S. Workmen's Compensation §222.
The situation in the instant case is similar to that in Western Pacific R. Co. v. Industrial Acc. Commission, 1924, 193 Cal. 413, 224 P. 754, where a bicycle messenger was injured while riding from his home, to which he had detoured four blocks out of the way in order to pick up his slicker to protect himself from the rain at work. The court held that he was in the course of his employment at the time of the accident, pointing out that the picking up of his slicker was reasonably connected with the efficient performance of his work.
See also, where compensation was similarly awarded: "The mere fact that he [the employee] chose to travel paved highways and on that route possibly pick up a greatly needed change of clothing at his home in Great Bend, although the chosen route necessitated driving somewhat farther, did not alone constitute an abandonment of his employment." Mitchell v. Mitchell Drilling Co., 1941, 154 Kan. 117, 114 P.2d 841, 844.
In arguing that the plaintiff's disability, if any, is noncompensable, able counsel for the defendant-appellee relies upon: Warren v. Globe Indemnity Co., 217 La. 142, 46 So.2d 66; Leckie v. H. D. Foote Lumber Co., La.App. 2 Cir., 40 So.2d 249, certiorari denied; Como v. Union Sulphur Co., La.App. 1 Cir., 182 So. 155. These decisions are authority that an employee *561 may be denied compensation for an injury sustained during a substantial deviation for a purely personal mission having no connection with his employment, especially where the deviation involves an unnecessary exposure to a substantial hazard additional to that required by the employment. The cited decisions are not applicable to the facts of the present case.
As to the question of disability, there is the usual conflicting array of medical experts. The evidence clearly reveals that the plaintiff hurt his neck, shoulder, and back in the accident and that he was treated for sprain by the initial attending physician for five weeks thereafter and then discharged. He was, however, seen at once (during March 1959) by two orthopedists, who found him still to be disabled. Thereafter, he was found free from disability by two experts upon whom the defendant relies, but disabled by three specialists and a general practitioner whose testimony was educed by the plaintiff.
The accident occurred on January 15, 1959. No medical witness relied upon by the defendant examined the plaintiff later than August 11, 1959. On the other hand, although the trial occurred on November 9, 1960, no doctor testifying for the plaintiff had examined the plaintiff later than May 4, 1960, almost six months before such trial date. The orthopedist who examined him then found the plaintiff unquestionably disabled by residual sprain, but estimated that the plaintiff might recover even without treatment in from six months to a year.
The trial court awarded the plaintiff judgment in the amount of $2,500 plus interest and court costs, expressing the belief that the medical testimony more favorable to plaintiff was based upon the plaintiff's own exaggerations of his symptoms. (The award was in the amount of a compromise settlement nearly concluded in June, 1959.) Although such a lump sum award for disability is not authorized by the compensation statute, counsel for the appellee suggested at the oral argument that our learned trial brother may have attempted to approximate the award of temporary disability terminating on the date of trial (94½ weeks at $27.30 compensation per week, totaling $2579.85), in accordance with the prognosis of the orthopedist who had examined the plaintiff six months earlier, to the effect that the residual disability might be cured in six months.
We find no error in such determination. The specialists who testified for the plaintiff uniformly believed that with time and treatment the residual disability might be cured. Even though their testimony might also have supported an award for longer disability, had the trial court accepted as genuine the plaintiff's continued complaints of pain, in view of such testimony and of circumstance that the last doctor who examined the plaintiff thought he might actually recover within six months, and in the further lack of any contemporaneous opinion by a specialist to the contrary or of medical evidence that such prognosis was not correct, we cannot say that the trial court erred in finding the plaintiff recovered by the time of trial six months later and in limiting to that date the recovery of compensation, in accordance with the prognosis.
We thus find that the plaintiff is entitled to an award of weekly compensation for disability commencing January 15, 1959, and terminating November 9, 1960.
As to the plaintiff's demand for penalties because of the arbitrary non-payment of compensation, the defendant's refusal to pay compensation because of a claimed deviation from the course of employment was not so frivolous and insubstantial a defense, under the facts of this case and considering the lack of Louisiana and the dearth of other decisions closely in point, as to warrant a holding that it was an arbitrary and capricious non-payment of compensation and thereby subject to penalty under LSA-R.S. 22:658.
*562 For the reasons previously assigned, the judgment will be amended and recast so as to award the plaintiff compensation at the weekly rate of $27.30 from January 15, 1959 to November 9, 1960, with legal interest upon each weekly installment from the date of delinquency until paid, and for medical expenses as provided in the trial court judgment. As thus amended, the judgment is affirmed. All costs to be paid by the defendant-appellee.
Amended and affirmed.