532 So.2d 933 (1988)
Martha GLORY
v.
ZUPPARDO'S ECONOMICAL SUPERMARKET, INC.
No. 88-CA-266.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1988.
Paul Brian Spurlock, New Orleans, for plaintiff-appellant.
Regel L. Bisso, Al M. Thompson, Jr., New Orleans, for defendant-appellee.
Before GAUDIN, WICKER and GOTHARD, JJ.
WICKER, Judge.
This appeal arises from the granting of a motion for summary judgment dismissing Martha Glory's petition sounding in tort against her employer, Zuppardo's Economical *934 Supermarket. From that adverse judgment Glory now appeals. We affirm.
Glory's deposition was filed in support of Zuppardo's motion for summary judgment. She testified as follows: On or about April 16, 1985 Glory punched out for lunch. Shortly thereafter, she ascended a flight of stairs. Upon climbing the stairs she slipped and fell, sustaining injuries. Her purpose in climbing the stairwell located at Zuppardo's was to get her paycheck. After she received her paycheck she cashed it and had lunch in a restaurant located in the store. At the time of her deposition taken January 16, 1987 she was receiving worker's compensation benefits from Zuppardo.
Glory urges the following specification of error on appeal:
That the trial court erred ignoring or creating an unprecedented exception to the `Kern rule' [Kern v. Southport Mill, 174 La. 432, 141 So. 19 (La.1932)] in finding plaintiff-appellant's injury to be covered by worker's compensation.
Appellant argues in brief the "Kern" rule stands for the proposition that in order for worker's compensation coverage to attach the employee must have been responding to a requirement of the employer at the time of the accident.
Appellant's reliance on the so-called "Kern" rule is misplaced as the Kern analysis was called into question by a later Louisiana Supreme Court decision. Edwards v. Louisiana Forestry Commission, 221 La. 818, 60 So.2d 449 (La.1952).
The Edwards court discussed its previous holding in Kern and explained:
The Kern case is clearly not analogous from a factual standpoint, for the employee was not there confronted with a sudden emergency imperiling the life of a stranger on the employer's premises. Instead, he was injured in a traffic accident while returning to the employer's mill after having completed outside work he was specifically instructed to do. This court, in reversing the Court of Appeal and awarding compensation, relied on a long line of cases (among which are Cudahy Packing Co. of Nebraska v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532; Myers v. Louisiana Ry. & Nav. Co., 140 La. 937, 938, 74 So. 256; and Dyer v. Rapides Lumber Co., 154 La. 1091, 98 So. 677, stated in the opinion to be practically conclusive) holding, in effect, that injuries do arise `out of' the employment even though they are sustained while the employee is traveling to and from work or engaged in `horse play,' and also where they are inflicted by a foreign agency or a third person, whether a stranger or a fellow employee.
It necessarily follows that however persuasive or consoling the defendant and the Court of Appeal may find certain language in the Kern opinion, including the so-called test for determining when an injury arises `out of' the employment, it is not controlling, since it was not necessary for a decision. In fact, it is in direct contravention of the very authorities said to be conclusive, for they recognize the inability of the courts to draft any determinative test. As Justice Sutherland says in the Cudahy case [263 U.S. at 418, 44 S.Ct. at 154]: `Whether a given accident is so related or incident to the business must depend upon its own particular circumstances. [Emphasis added.] No exact formula can be laid down which will automatically solve every case.' [Emphasis in original.] And as Justice Provosty expresses it in the Myers case [140 La. at 937, 74 So. at 258]: `* * * after vain attempts at formulating some verbal test for determining when the injury has or not arisen out of the employment, the courts have come to the conclusion that each case must be determined from its own facts; that the question cannot be solved by phrases.' [Emphasis in original.]
Edwards, supra, 60 So.2d at 450.
La.R.S. 23:1031 requires that an accident arise "out of and in the course of [e]mployment." More recently our Louisiana Supreme Court has explained La.R.S. 23:1031 as follows:
The terms arising out of, and in the course of constitute a dual requirement.

*935 The former suggests an inquiry into the character or origin or the risk while the latter brings into focus the time and place relationship between the risk and the employment. The two requirements cannot, however be considered in isolation from each other. A strong showing by the claimant with reference to the arise-out-of requirement may compensate for a relatively weak showing on the during-course-of requirement, or vice versa. As a corollary it follows that whenever the showing with respect to both requirements is relatively weak a denial of compensation is indicated. Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973) (citing Malone, Louisiana Workmen's Compensation, Sections 162, 192 (1st ed.)).
Judicial experience has taught that these two elements, arising out of and in the course of, should not be understood as entirely separate requirements to be rigidly and independently exacted. Rather, they should be understood simply as closely intertwined issues that may usefully illuminate the common sense, practical question of whether the injury bears some significant relationship to the business operation. Lisonbee v. Chicago Mill and Lumber Company, supra at 9. Malone & Johnson, Workers' Compensation Law and Practice, 13 Civ. Law.Treat. Sections 144, 145 (2d ed. 1980).
Raybol v. Louisiana State University, 520 So.2d 724, 726-27 (La.1988).
In Lisonbee, infra, the claimant (a watchman) disobeyed orders from his employer and left the premises. He entered a grocery store across from his place of employment and was shot. The Louisiana Supreme Court denied recovery in worker's compensation. Although the claimant had been shot during the time of his employment, he was not shot at the place of his employment. In the instant case, Glory was injured at the place of her employment, but not at the time of her employment. Since the Lisonbee claimant was not at the place of his employment he was not in the course of his employment.
The Lisonbee claimant argued that although he was not at the place of his employment he was still performing his duties as a watchman as he continued his surveillance of the employer's premises. Thus he urged that the accident arose out of the employment as he was engaged in activity on behalf of his employer. However, the Lisonbee court agreed with the trial court's finding of fact that the claimant had abandoned his post as his view of the premises was obstructed and he was engaged in conversation which diverted his attention. Thus, the Lisonbee claimant was engaged in a purely personal activity. Furthermore, the court concluded that the risk of being shot was not any greater for the claimant than it was for other individuals in the store who were not employed by claimant's employer.
Justice Tate wrote a vigorous dissent in Lisonbee wherein he stated:
The present majority holding is a throwback to the overly technical and restrictive interpretations of the first decade of our compensation act, long since abandoned in view of the humane purposes of the act and the consistent legislative expansion of the scope of coverage and legislative approval of interpretations which held that employees are covered for injuries sustained during workhours, not only when actually performing the duties of employment, but also while performing acts of personal need reasonably connected therewith.
Id. at 12.
This circuit, however, has not read Lisonbee as proposing an overly technical and restrictive interpretation of the scope of coverage. Harris v. Sears, Roebuck & Co., 485 So.2d 965 (La.App. 5th Cir.1986), writ denied 488 So.2d 205 (La.1986). Instead, we explained:
the Worker's Compensation Law must be accorded a liberal interpretation. The Compensation requirement that an employee have received `personal injury by accident arising out of and in the course of his employment,' La.R.S. 23:1031, defines an ambit of liability broader than that of both the common law and Louisiana *936 tort formulations of `scope of employment.' Edwards v. La. Forestry Comm'n, 221 La. 818, 60 So.2d 449, 451 (1952); Harris v. Hymel Store Co., 200 So.2d 84, 87 (La.App. 1st Cir.1967), writ denied [251 La. 47], 202 So.2d 657 (1967). Under principles of Compensation, nexus as much as cause is pertinent to ascertaining liability. As the United States Supreme Court early observed,
The test of recovery is not a causal relation between the nature of the employment of the injured person and the accident * * * Nor is it necessary that the employee be engaged at the time of the injury in activity of benefit to his employer. All that is required is that the `obligations or conditions' of employment create the `zone of special danger' out of which the injury arose.

O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 471 95 L.Ed. 483 (1951), cited in Edwards, supra, at 451. (Punctuation and italics as in Edwards.)
Predictably, the legal evaluation of nexus has evolved into a formulaic analysis, which nonetheless is tempered by the caution that each case must be decided on its own facts, that phrases alone cannot be dispositive of each succeeding set of facts. Edwards, supra [60 So.2d] at 450; Lisonbee v. Chicago Mill & Lumber Co., 278 So.2d 5, 7 (La.1973); Jackson v. Am. Ins. Co., 404 So.2d 218, 220 (La.1981). The phrases `arising out of' and `in the course of' are interpreted to mandate separate inquiries as to the connexity between the accident and the employment. Lisonbee, supra, passism; Gorings v. Edwards, 222 So.2d 530 (La. App. 4th Cir.1969). `In the course of' mandates a query into the time and place nexus between the risk encountered and the employment. `Arising out of' requires a more abstract query into the character or origin of the risk. To `arise out of' the employment, the accident must be the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed. Time, place and circumstance must determine this.' Lisonbee at 9.
Harris, supra at 968-69.
In Harris the employee was instructed to leave work since the area had become flooded as a result of heavy rain. It was only after the building had become completely flooded that the employee chose to leave. Within a block from the place of employment his car was swept into a canal and he drowned. Our court allowed compensation. We reasoned that the hazard of flooding "arose out of and in the course of the employment. The nexus is established notwithstanding that the cause proper devolved from an act of God." Harris, supra at 969.
After determining that the hazard arose out of and in the course of employment, we next addressed the issue of whether the accident also arose out of and in the course of employment. We concluded that although the employee had safely left his place of employment, he did not escape the hazard which "had presented itself at his workplace and prompted his departure." Harris, supra at 970.
In Harris, supra we cautioned that had a greater span of time or distance occurred our decision may have differed.
In the instant case Glory's accident occurred shortly after she punched out for lunch. It also occurred on the employer's premises. The stair-climbing hazard she encountered presented itself to her at her place of employment. In addition, her accident arose out of and in the course of her employment.
It is of no moment that her accident occurred during her lunch period as opposed to her leaving work at the end of the day as both incidents are governed by the same rules. 1 A. Larson, Workmen's Compensation, Section 15.51 (1985).
Furthermore, we are guided by our Louisiana Supreme Court in Raybol, supra at 725 to "constru[e] the summary judgment evidence in the light most favorable to the compensation claim."
*937 Accordingly, for the reasons stated the trial court's judgment granting the summary judgment in favor of Zuppardo's and dismissing Glory's tort claim against Zuppardo is affirmed at appellant's cost.
AFFIRMED.