SAUNDERS, Judge.
This is a worker’s compensation suit. Claimant, Michael Colletti, was employed by Port Noma, Ltd. as an electrician’s helper and worked at the New Iberia location. On January 15,1992, the claimant was injured in an automobile accident during his lunch hour, while returning from picking up his paycheck from the Broussard office of his employer.
*203 Claimant was denied benefits by defendants, Port Noma, and it’s insurer, Crawford and Company, alleging that the accident and resulting injuries did not arise out of and in the course of his employment.
The matter was heard on August 6, 1992. After presentation of the claimant’s evidence, defendants moved for a directed verdict. The administrative hearing officer granted the motion, rendered judgment in favor of the defendants, and against the claimant, with prejudice and at claimant’s cost. The hearing officer issued oral reasons for judgment finding that the claimant was not “within the scope of his employment in the sense that he was not performing duties that he would normally — that he would normally perform as a helper for — for Port Noma, Ltd.”
Claimant appeals, raising the following issues:
I. As a matter of law, did the worker’s compensation court use the incorrect standard in determining appelle’s [sic] motion for a directed verdict in a non-jury trial.[1]
II. As a matter of law, is an employee who is granted permission from his employer to pick up his paycheck, cash it, and pay for boots required by the employer, within the course of his employment when he is involved in a motor vehicle accident on such a mission.

FACTS

The facts are virtually undisputed. Claimant began working for Port Noma on December 30, 1991. Customarily, paychecks were mailed to employees by Port Noma on Fridays. Claimant did not receive his first paycheck by the following Wednesday, January 15, 1992. It was his understanding that he should have received it by the Tuesday, at the latest. Concerned and in need of his paycheck, the claimant spoke with his immediate supervisor, Edmond Credeur, who checked on the status of claimant’s paycheck. After learning that the check was still at the Broussard office, Credeur gave the claimant permission to leave the New Iberia location and drive to Broussard to pick up his paycheck. According to the claimant, Mr. Cred-eur also gave him permission to drop off a payment at “Gaehassin’s,” in New Iberia, for safety boots he had purchased the day before. The safety boots were required for his employment with Port Noma.
Claimant left New Iberia, picked up his paycheck from the Broussard office, cashed it at a Premier Bank location “right down the road from the office,” and headed back on Highway 90 toward New Iberia. After exiting onto La. 14 to New Iberia, claimant was struck by a vehicle which failed to stop at a stop sign.
After the accident, the claimant called his brother to inform his supervisors that he had been in an accident and was going to see his family physician. Claimant saw his family physician in Jeanerette who eventually referred him to Dr. John Cobb. It was not until four months after the accident that claimant filed his workers’ compensation claim.

LAW AND PRINCIPLES

It is clear that where an employee is entitled to worker’s compensation due to personal injury under our worker’s compensation statute, such compensation is his sole and only right or remedy against his employer. LSA-R.S. 23:1031 requires that an accident arises out of and in the course of employment.
Recently, our Supreme Court explained LSA-R.S. 23:1031 as follows:
The terms arising out of, and in the course of constitute a dual requirement. The former suggests an inquiry into the character or origin of the risk while the latter brings into focus the time and place relationship between the risk and the employment. The two requirements cannot, however, be considered in isolation from each other. A strong showing by the claimant with reference to the arise-out-of requirement may compensate for a relatively weak showing on the during-course-of requirement, or vice versa. As a corollary it follows that whenever the showing with respect to both requirements is relatively weak a denial of compensation is *204 indicated. Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973) (citing Malone, Louisiana Workmen’s Compensation, §§ 162, 192 (1st ed.)).
Judicial experience has taught that these two elements, arising out of and in the course of, should not be understood as entirely separate requirements to be rigidly and independently exacted. Rather, they should be understood simply as closely intertwined issues that may usefully illuminate the common sense, practical question of whether the injury bears some significant relationship to the business operation. Lisonbee v. Chicago Mill and Lumber Company, supra, at 9. Malone & Johnson, Workers’ Compensation Law and Practice, 13 Civ.Law.Treat. §§ 144,145 (2d ed. 1980).
Raybol v. Louisiana State University, 520 So.2d 724, 726-727 (La.1988).
Here, the primary question is whether the accident occurred “in the course of’ plaintiffs employment. The leading case on the subject of “arising out of and in the course of’ the employment is Kern v. Southport Mill, 174 La. 432,141 So. 19 (1932). In Kern 141 So. at page 21, the Supreme Court stated that, for purposes of the worker’s compensation action, (a) “... an accident occurs in the course of an employment when it takes place during the time of such employment,” and (b) it arises out of the employment when it is “the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed.” Furthermore, this risk of employment from which an injury results should be one greater than that occasioned by a person not engaged in the employment. Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973).
An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer’s premises or at other places where employment activities take the employee. See also W. Malone & H. Johnson, 13 Louisiana Civil Law Treatise— Worker’s Compensation § 161 (2d ed. 1980). While coverage has been extended in some cases to include accidents during times for rest or lunch periods or before and after work on the employer’s premises, or to include accidents at places where employment duties are performed off the employer’s premises, the principal criteria for determining course of employment are time, place and employment activity. Mundy v. Dept. of Health & Human Resources, 593 So.2d 346 (La.1992).
Finally, as the United States Supreme Court observed:
The test of recovery is not a causal relation between the nature of the employment of the injured person and the accident * ⅜ * Nor is it necessary that the employee be engaged at the time of the injury in activity of benefit to his employer. All that is required is that the ‘obligations or conditions’ of employment create the ‘zone of special danger’ out of which the injury arose.
O’Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951), cited in Glory v. Zuppardo’s Econo. Supermarket, 532 So.2d 933 (La.App. 5th Cir.1988).
Glory involved an accident which occurred while the employee was climbing stairs on her employer’s premises to get her paycheck after punching out for lunch. The court held that the accident arose out of and in the course of her employment. After an extensive analysis into the “course and scope” and “arising out of’ requirements, the court stated at page 936 as follows:
In the instant case Glory’s accident occurred shortly after she punched out for lunch. It also occurred on the employer’s premises. The stair-climbing hazard she encountered presented itself to her at her place of employment. In addition, her accident arose out of and in the course of her employment.
It is of no moment that her accident occurred during her lunch period as opposed to her leaving work at the end of the day as both incidents are governed by the same rules. 1 A. Larson, Workmen’s Compensation, Section 15.51 (1985).
*205 Implicit in this holding is the finding that retrieving one’s paycheck is in the course of employment.
In the instant case, although the claimant was injured during his lunch hour, he was not using the time to eat a meal. Rather, he was using this time to get his paycheck which was several days late. It was the practice of Port Noma to mail its employee’s paychecks and when the claimant had not received his paycheck timely, he was granted permission to drive to the Broussard office to pick it up. Our courts have repeatedly awarded compensation for injuries sustained by employees while away from the place of employment attending to personal needs which are incidental to the employment or which enable the employee to work better. Robinson v. F. Strauss & Son, Inc., 481 So.2d 592 (La.1986).
“Acts necessary to the life, comfort or convenience of an employee while at work, although personal to him and not technically acts of service, are incidental to the service, and an injury occurring while in the performance of such acts is compensa-ble as ‘arising out of, and ‘in the course of, the employment.”
Alexander v. Insurance Company of the State of Pa., 131 So.2d 558, 560 (La.App. 3d Cir.1961).
In Robinson, supra, 481 So.2d at 593, the Supreme Court provides an illustrative list of decisions which recognize this principle, as follows:
Lisonbee v. Chicago Mill and Lumber Company, supra at 11 (Tate, J., dissenting). See e.g.: Gray v. Broadway, 146 So.2d 282 (La.App. 2d Cir.1962) (truck-driver went home to get driver’s license); Alexander v. Insurance Co. of Pa., 131 So.2d 558 (La.App. 3d Cir.1961) (worker went home to pick up workboots); St. Alexandre v. Texas Co., 28 So.2d 385 (La. App.Orl.1946), certiorari denied (employee left plant to obtain soft drink at stand a short distance away); Rigsby v. John W. Clark Co., 28 So.2d 346 (La.App. 1st Cir. 1946), certiorari denied (bookkeeper injured when he left work premises to fix hanging charged wire which created danger to others); Clark v. Employers Liability Assur. Corp., 27 So.2d 464 (La.App. 1st Cir.1946) (employee injured on way to cafe to eat during workhours, where no eating facilities on premises.)
Following these principles, we conclude that the claimant was an employee within the course of his employment wherein he was engaged in an act incidental to his employment.
The question of whether or not an automobile accident “arises out of employment,” insofar as determining whether it was a particular risk to which the claimant is subjected to which he would not have been subjected to had he not been so employed, has been answered in Campbell v. Baker, Culpepper, and Brunson, 382 So.2d 1046 (La.App.2d Cir. 1980), writ denied, 385 So.2d 793 (La.1980). In that case, the claimant had driven to another city at the instruction of her employer. The court stated at page 1048 that “a particular risk to which she was exposed was injury in a motor vehicle accident.” (Emphasis ours.) Thus, in the instant case, the claimant’s accident is compensable because he was not on a purely personal errand, but was forced to travel by automobile to pick up his paycheck which had not been provided to him in a timely manner. Receiving one’s wages timely is indisputably “reasonably within the scope of those things contemplated” by the employment, allowing compensation for an injury incurred in an effort to get one’s paycheck. See Edwards v. Louisiana Forestry Commission, 221 La. 818, 60 So.2d 449 (1952); and Glory, supra.
Defendants have not presented any viable argument which convinces this court to abandon the human purpose of the worker’s compensation act and the consistent expansion of the scope of coverage and legislative approval of interpretations which hold that employees are covered for injuries sustained during work hours, not only when actually performing the duties of employment, but also while performing acts of personal need reasonably connected and incidental therewith. See the vigorous dissent by Justice Tate in Lisonbee, supra, 278 So.2d at 12.
For the reasons assigned, the judgment of the administrative hearing officer is set aside *206 and this matter is remanded for further proceedings consistent with this opinion and in accordance with law. Defendants are to pay costs in this court.
REVERSED AND REMANDED.

. Due to our holding herein, we pretermit discussion of claimant's first issue raised on appeal.