1,COOKS, Judge.
In this workers’ compensation case, the employer appeals the judgment finding the claimant suffered a work-related accident and was entitled to medical expenses for the injuries suffered. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Michael Fontenot was employed with Shelton Dry Wall as a painter. Fontenot’s immediate supervisor was Paul Lachney and co-workers included Charles Walker and John Reeves. On October 10, 2000, this crew was assigned to a job at a residence in Alexandria. Apparently, sometime before this date, some tools were stolen from Shelton Dry Wall. On the date in question, Lachney asked Fontenot if he had stolen the tools. The two men began arguing, and the argument continued as they left for lunch. Eventually, Lachney punched Fontenot in the head, knocking him to the ground. Fontenot called the police, who came out to the scene and made a report.
That evening Fontenot went to the hospital complaining of right jaw pain. He was diagnosed with having sustained a concussion and a CAT scan was performed. Fontenot alleges he has endured dizzy spells and headaches since the incident. Fontenot eventually filed this workers’ compensation claim, seeking disability benefits, medical expenses, penalties and attorney fees.
The employer disputed the claim on a number of grounds. It contended that prior to the punch, Fontenot stated he was quitting his job, and therefore was not engaged in the course and scope of his employment when he was struck by Lach-ney. The employer also argued the punch occurred on Fontenot’s lunch break and was therefore not compensable. Lastly, the employer argued Fontenot was the initiator and aggressor, and that Lachney acted in self defense.
LThe workers’ compensation judge (WCJ) concluded the incident occurred in the course and scope of Mr. Fontenot’s employment with Shelton Dry Wall, and awarded him the entirety of the medical expenses claimed. However, the WCJ did not make an award for disability, finding Fontenot failed to prove any disability from employment as a result of being struck by Lachney. The WCJ also did not award penalties and attorney fees.
The employer appeals the judgment, asserting the following assignments of error:
1. The Workers’ Compensation Judge erred in finding the altercation complained of arose in the course and scope of Fontenot’s employment.
2. The Workers’ Compensation Judge erred in finding Fontenot did not violate La.R.S. 23:1208.
3. The Workers’ Compensation Judge erred in not applying the Louisiana Workers’ Compensation Fee Schedule.
ANALYSIS
In its first assignment of error, the employer contends the altercation did not occur in the course and scope of Fonte-not’s employment. On appeal, the employer did not renew the arguments that Fon-tenot was the aggressor in the altercation or that Fontenot quit his job prior to being punched by Lachney. It only argues that Fontenot was on his lunch break when the incident occurred and therefore it did not arise out of the course and scope of his employment. We do not agree.
*1108 An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer’s premises or at other places where employment activities take the employee. Colletti v. Port Noma, Ltd., 625 So.2d 202 (La.App. 3 Cir.1993). The general rule with regard to lunch hour accidents is set forth in 13 W. | aMalone & H.A. Johnson, III, Louisiana Civil Law Treatise 163 (1980):
Ordinarily, an employee who leaves his employer’s premises and takes his noon hour meal at home or some other place of his own choosing is outside the course of his employment from the time he leaves the work premises until he returns.
However, the facts reveal the altercation occurred before Fontenot or Lachney departed the work premises. While the actual striking of Fontenot occurred as the employees were leaving for lunch, the altercation began inside the residence while the employees were painting. The argument continued as the employees were walking to their vehicles, eventually culminating in Fontenot being struck by Lach-ney. We find no basis for the employer’s contention that the incident occurred during Fontenot’s lunch break.
The testimony of Lachney supports the trial court’s finding that at the time of the incident, Fontenot had not quit his employment:
Q. Now, there has been a suggestion that Mr. Fontenot had terminated his employment before you hit him, is that true?
A. That I don’t recall.
Q. From your standpoint—
A.- From — I don’t—
Q. —he was still—
A. I never heard it.
Q. Okay. From your standpoint he was still on the job and working?
A. Well, yes, sir, because I told him to either go back to work or get off the job.
The Workers’ Compensation Judge did not err in concluding the incident arose out of the course and scope of Fontenot’s employment.
The employer also contends Fonte-not misrepresented his post-incident Lemployment. La.R.S. 23:1208(A) provides in part: “It shall be unlawful for any person, for the purpose of obtaining ... any benefit or payment under the provisions of this Chapter ... to willfully make a false statement or representation.” “Any employee violating that Section shall, upon determination by a workers’ compensation judge, forfeit any right to compensation benefits.” R.S. 23:1208(E). “The only requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment.” Resweber v. Haroil Constr. Co., 94-C-2708, 94-C-3138, p. 7 (La.9/5/95), 660 So.2d 7, 12.
Statutory forfeiture is a harsh remedy and must be strictly construed. Benoit v. Frank’s Casing Crew, 97-1522 (La.App. 3 Cir. 5/20/98), 713 So.2d 762, writ denied, 98-1697 (La.10/9/98), 726 So.2d 31. False statements that are inadvertent or inconsequential will not result in forfeiture. Menard v. Mama’s Fried Chicken, 97-488 (La.App. 3 Cir. 3/6/98), 709 So.2d 303, writ denied, 98-956 (La.6/5/98), 720 So.2d 681.
The facts do not warrant forfeiture of benefits here. We note the workers’ compensation judge found Fontenot did not prove any entitlement to disability benefits, and only awarded him medical benefits. ■
*1109 Lastly, the employer argues the workers’ compensation judge erred in failing to apply the Louisiana Workers’ Compensation Fee Schedule. However, this issue was never raised below, and counsel for the employer specifically stated “I have no objections to the amounts of the bills themselves. I mean, we’re not going to require necessary proof of those.” Therefore, the argument is not properly before us.
DECREE
For the foregoing reasons, the judgment of the Office of Workers’ | ^Compensation is affirmed. Costs of this appeal are assessed to the employer-appellant, Ray Shelton.
AFFIRMED.