CIACCIO, Judge.
Plaintiffs, Myra and Neal Bickham, appeal from a judgment of the district court which granted the defendant, Orleans Parish School Board, a motion for summary judgment and dismissed the plaintiffs’ suit for damages. We affirm the judgment of the district court.
The facts of this case are not in dispute. Myra Bickham is employed as a library clerk with the defendant School Board. She is assigned to work at the Johnson Lockett Elementary School. Her hours of employment are 8 a.m. to 3:30 p.m. on Monday through Friday, except holidays.
On January 29, 1985, at approximately 3:15 p.m., Myra Bickham was walking in the hallway of the Johnson Lockett School when she was physically attacked and pulled into an empty classroom by an unknown assailant. She was thereafter sexually assaulted and robbed of her purse which contained money and other valuables.
Myra Bickham and her husband filed this action for damages alleging the negligence of the School Board in failing to take measures to secure Ms. Bickham’s safety. Mr. Bickham claims damages for loss of society resulting from Myra Bickham’s injuries.
Following its answer, the defendant filed a motion for summary judgment, alleging that the plaintiff’s sole remedy against her employer was an action pursuant to the Louisiana Worker’s Compensation Act. R.S. 23:1032. The plaintiffs opposed the motion for summary judgment and argue that, although the injuries occurred within the “course of [the] employment”, they did not “arise out of [the] employment” so as to qualify as a claim under the Louisiana Worker’s Compensation Act. R.S. 23:1031.
The trial court granted the defendant’s motion for summary judgment after finding that “the plaintiff’s injuries were in the course and scope of her employment and her exclusive remedy is under the Workman’s Compensation Act.” [Reasons for Judgment].
The sole issue on appeal is whether the trial court erred in granting summary judgment in this case.
The mover is entitled to a summary judgment in its favor if the pleadings, depositions, answers to interrogatories and admissions of fact show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. Art. 966. Industrial Sand and Abrasives, Inc. v. Louisville & Nashville Railroad Co., 427 So.2d 1152 (La.1988).
The Louisiana Worker’s Compensation Act provides for compensation “if an employee ... receives personal injury by acci *1250 dent arising out of and in the course of his employment ...” La.R.S. 23:1031.
In discussing this dual test for compensation, the Louisiana Supreme Court, in Guidry v. Sline Industrial Painters, 418 So.2d 626 (La.1982) states:
An accident occurs in the course of employment when it happens during the time of employment and at a place contemplated by the employment. Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973); Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932). Such a showing alone, however, does not satisfy Louisiana’s dual requirement, although it will assist the worker over the first hurdle. There is the additional requirement that the accident “arise out of the employment.” Arising out of employment contemplates the accident’s being the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed. At p. 628.
In the case of Fabre v. Travelers Insurance Co., 286 So.2d 459 (La.App. 1st Cir. 1974), writ denied 288 So.2d 646 (La.1974) the Court found that a plaintiff injured in an automobile accident after leaving the work place was entitled to compensation benefits. The Court reasoned that the injuries arose out of the plaintiff’s employment because “... his employment required him to be present at the place of the accident, at the time it occurred.” Fabre v. Travelers Insurance Co., supra at 463.
In this case the plaintiff was injured at her place of employment during her normal work hours. Additionally, her employment required her to be present at the place of the incident at the time it occurred. Accordingly, the trial court correctly found that Myra Bickham’s injuries were incurred during the course and scope of her employment.
Since the rights and remedies of the Louisiana Worker’s Compensation Act are the exclusive remedy for the employee and her relations for such injuries, the trial court acted correctly in granting the defendant’s motion for summary judgment and in dismissing the damage suit of Myra and Neil Bickham. La.R.S. 23:1032.
For the reasons assigned the judgment of the district court is affirmed at plaintiffs’ costs.
AFFIRMED.