520 So.2d 724 (1988)
Carolyn RAYBOL
v.
LOUISIANA STATE UNIVERSITY.
No. 87-C-2132.
Supreme Court of Louisiana.
February 29, 1988.
Dissenting Opinion March 21, 1988.
Rehearing Denied March 31, 1988.
*725 Benn Hamilton, Baton Rouge, for applicant.
Todd Rossi, Watson, Blanche, Wilson & Posner, Baton Rouge, for respondent.
Dissenting Opinion of Justice Lemmon March 21, 1988.
DENNIS, Justice.
This is a workers' compensation case presenting the issue of whether a dormitory custodial worker's compensation claim, resulting from an assault by a third person upon the employee as she was actively engaged in her work duties, arises out of her employment. The trial court granted defendant's motion for summary judgment rejecting plaintiff's claim and the court of appeal affirmed without an opinion. Raybol v. Louisiana State University, 513 So.2d 561 (La.App. 1 Cir.1987). We reverse. Construing the summary judgment evidence in the light most favorable to the compensation claim, the plaintiff was the victim of an unprovoked and unwarranted attack by a former male friend with whom she had broken off relations, the *726 attack occurred as she was alone performing her duties as a custodial worker in an isolated area of a closed and locked dormitory, and the assailant was assisted in finding her and entering the building by other custodial workers employed by the employer. Under these circumstances, the plaintiff's injury arose out of her employment.
Both the plaintiff and the defendant moved for summary judgment based on the depositions of the plaintiff and her assailant, Kenneth Rivet. The plaintiff testified that on June 20, 1984, as she was performing custodial work in a dormitory on the Baton Rouge campus of her employer, Louisiana State University, she was physically attacked and injured by Mr. Rivet. She testified that she had broken off relations with Mr. Rivet two weeks earlier after dating him for about a year. When the incident occurred she was working alone in an isolated area of the dormitory remote from other co-workers, and the building had been closed and locked for the summer to prevent entrance by intruders and unauthorized persons. Mr. Rivet entered the room in which she was working without her consent and entreated her to resume their relationship. When she declined he struck her several times saying that he was getting his revenge. He desisted his attack only after struggling with male co-workers who were summoned from other parts of the building by plaintiff's cries for help. The plaintiff indicated that she did not invite Mr. Rivet's visit or provoke his attack in any way. In fact, she claimed that she was shocked and surprised by the behavior of Mr. Rivet who before had always been mild mannered. As the result of her head injuries, the plaintiff was unable to return to work and the vision in her left eye was impaired. Mr. Rivet's testimony was consistent with the plaintiff's except that he said he lost his temper and slapped her a few times because she pushed him when he tried to embrace her, cursed him and used foul language in rejecting his attentions. He testified that he was informed of the plaintiff's whereabouts on the campus by one of the university's other custodial workers. He said he was generally familiar with the plaintiff's work routine because he once had worked briefly at L.S.U., his mother was also employed by L.S.U. as a custodial worker, and he had visited the plaintiff at her jobsite during her lunch break on previous occasions.
The trial court granted defendant's motion for summary judgment rejecting plaintiff's demands and denied plaintiff's motion for summary judgment. Plaintiff appealed, and the court of appeal affirmed. We granted plaintiff's application for certiorari.
An employee protected by the worker's compensation statute is entitled to receive benefits when he "receives personal injury by accident arising out of and in the course of his employment...." La.R.S. 23:1031. The terms arising out of, and in the course of constitute a dual requirement. The former suggests an inquiry into the character or origin of the risk while the latter brings into focus the time and place relationship between the risk and the employment. The two requirements cannot, however, be considered in isolation from each other. A strong showing by the claimant with reference to the arise-out-of requirement may compensate for a relatively weak showing on the during-course-of requirement, or vice versa. As a corollary it follows that whenever the showing with respect to both requirements is relatively weak a denial of compensation is indicated. Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973) (citing Malone, Louisiana Workmen's Compensation, §§ 162, 192 (1st ed.)).
Judicial experience has taught that these two elements, arising out of and in the course of, should not be understood as entirely separate requirements to be rigidly and independently exacted. Rather, they should be understood simply as closely intertwined issues that may usefully illuminate the common sense, practical question of whether the injury bears some significant relationship to the business operation. Lisonbee v. Chicago Mill and Lumber Company, supra, at 9. Malone & Johnson, *727 Workers' Compensation Law and Practice, 13 Civ.Law.Treat. §§ 144, 145 (2d ed.1980).
An accident that happens while an employee is actively engaged in the performance of his duties during working hours will be regarded as having occurred in the course of his employment. Chapman v. Belden Corp., 428 So.2d 396 (La. 1983); Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932); Farris v. La. Long Leaf Lbr. Co., 148 La. 106, 86 So. 670 (1920); Jolibois v. Hartford Acc. & Ind. Co., 486 So.2d 283 (La.App. 3rd Cir.), writ denied, 489 So.2d 916 (La.1986); Malone & Johnson, Workers' Compensation Law and Practice, 13 Civ.Law.Treat. § 161 (2d ed. 1980).
When the employee is clearly in the course of employment because he is actively engaged in the performance of his duties, preparing himself for his work, or taking a short permissible rest from his labors, his injury or death caused by the assault of a third person arises out of employment regardless of the nature of difficulty that prompted the attack or the identity of his assailant. See Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932); Gorings v. Edwards, 222 So.2d 530 (La.App. 4th Cir.1969); Powell v. Gold Crown Stamp Co., 204 So.2d 61 (La.App. 2d Cir.1967); Rogers v. Aetna Cas. & Surety Co., 173 So.2d 231 (La.App. 3rd Cir.), writ denied, 247 La. 723, 174 So.2d 133 (La.1965); Malone & Johnson, Workers' Compensation, § 195. If, however, at the time of the aggression the victim was only barely within the course of his employment, it will be necessary and proper to determine whether the circumstances under which he worked enhanced the danger of assault. See Myers v. La. Ry. & Nav. Co., 140 La. 937, 74 So. 256 (1917); Mitchell v. Employers Mutual Liability Ins. Co. of Wisconsin, 341 So.2d 35 (La.App. 3d Cir.1976), writ denied, 342 So.2d 1121 (La. 1977); Malone & Johnson, Workers' Compensation, § 195. Furthermore, if the employer succeeds in proving that the victim invited the assault through his willful intention to injure another, there can be no recovery regardless of whether the accident occurred in the course of employment or arose out of it; for the employer is entitled to establish the aggression of the victim as a special defense. La.R.S. 23:1081; Martinez v. Dixie Brewing Co., 463 So.2d 628 (La.App. 4th Cir.1984), writ denied, 467 So.2d 537 (La.1985); Augustine v. Washington Parish Police Jury, 383 So.2d 1271, (La.App. 1st Cir.), writ denied, 386 So.2d 1379 (La.1980); Malone & Johnson, Workers' Compensation, § 195 (2d ed. 1980).
Applying these precepts to the present case, we conclude that, under the facts which may be reasonably inferred and decided in favor of the plaintiff for purposes of considering defendant's motion for summary judgment, the plaintiff's injury by assault happened in the course of employment and arose out of her employment. She was clearly within the course of employment because she was actively engaged in her prescribed work duties on her employer's premises. Her injury arose out of employment because she was so squarely in the course of employment when the attack occurred and she had not invited the attack through any willful intention to injure another. In fact, it may be inferred that she was as innocent of having caused or invited the unwarranted assault as if the perpetrator had been a complete stranger to her. Moreover, the evidence of record may be construed to imply that the circumstances under which the employee worked contributed to and enhanced the danger of the assault. The plaintiff was required to work alone in a closed dormitory in an area remote from her co-workers. This type of setting creates a high degree of risk of an attack upon a lone female employee. Further, the evidence implies that one or more of the employer's custodial workers contributed to the danger of the assault by informing the assailant of the plaintiff's work location in the building and by assisting him in gaining access to her by unlocking a door to the dormitory.
Although plaintiff is entitled to a reversal of the summary judgment in favor of defendant, she is not entitled to a summary judgment in her favor awarding worker's compensation. The party moving for summary *728 judgment has the burden of showing the absence of a genuine issue as to any material fact, and where the trial court is presented with the choice of reasonable inferences to be drawn from subsidiary facts contained in the evidence to be considered with the motion, these reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981). When we draw and view the inferences from the record most favorably to the defendant, we conclude that the plaintiff has failed to show convincingly that no genuine issues of material fact exist as to whether the attack arose out of her employment.
For the reasons assigned, the judgment of the court of appeal is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MARCUS and LEMMON, JJ., dissent and assign reasons.
COLE, J., respectfully dissents.
MARCUS, Justice (dissenting).
I am of the opinion that plaintiff's injury did not arise out of her employment. Accordingly, I respectfully dissent.
LEMMON, Justice, dissenting.
I agree that the course of employment and the arising out of employment requirements for a compensable injury should not be treated as entirely separate requirements and that a strong showing of one will make up for a relatively weak showing of the other. Nevertheless, an assault does not even make a weak showing of arising out of employment when there is a total absence of any relationship between the employment and the origin of the risk. When the risk of assault has an exclusively personal origin, the injury is not compensable.[1]
The risk of this assault arose out of plaintiff's domestic or private life, rather than her work life, and had no relationship whatsoever with her employment. The origin of the assault being purely personal, the employment contributed nothing to the incident.
The positional risk doctrine would justify plaintiff's recovery if she had been assaulted by a student or by a roving lunatic.[2] However, because the positional risk theory applies only to neutral risks and not to exclusively personal risks, plaintiff cannot recover under this theory. 1 A. Larson, Workmen's Compensation § 11.21 (1985).
NOTES
[1] An assault arises out of the employment (1) if the risk of assault was increased because of the nature or setting of the work or (2) if the basis of the assault had its origin in the work. Assaults for private reasons do not arise out of the employment. 1 A. Larson, Workmen's Compensation § 11.00 (1985).
[2] Under the positional risk doctrine, an injury arises out of employment if it would not have occurred but for the fact that the conditions and obligations of employment placed the employee in the position where he was injured by some neutral force that was neither associated with the employment nor personal to the employee. 1 A. Larson, Workmen's Compensation § 6.50 (1985).