KLEES, Judge.
Plaintiff appeals the trial court’s dismissal of his worker’s compensation action. After reviewing the facts and the law, we affirm.
Plaintiff is employed by the Sewerage and Water Board of New Orleans. On Monday, October 5, 1987, plaintiff arrived at work at approximately 4:30 a.m. and began filling out a written form relating to the work that had been performed on the previous Friday. Before completing the form plaintiff realized he had forgotten his beeper and returned home to get it. Plaintiff used the beeper on his job. As he exited his home and entered his company vehicle, plaintiff was accosted by an unknown assailant wearing a ski mask and brandishing a gun. Plaintiff started his car and attempted to flee, but was shot in the neck and chest by the assailant. Plaintiff drove to his place of employment, where one of his fellow employees accompanied him to the hospital.
As a result of his injury, plaintiff missed approximately eight weeks of work, and incurred $6884.30 in medical expenses.
Plaintiff filed the instant action after the Sewerage and Water Board denied his claim for worker’s compensation. The matter was tried by stipulation of facts before the district court. On November 10, 1988, the trial court dismissed plaintiff’s action on the grounds that his injury did not arise out of his employment.
We find the trial court’s decision to be a correct application of the law. La.R.S. 23:1031 provides that an employee protected by the worker’s compensation statute is entitled to receive benefits when he “receives personal injury by accident arising out of and in the course of his employ-ment_” With regard to this requirement, the Supreme Court has stated:
“The terms arising out of, and in the course of constitute a dual requirement. The former suggests an inquiry into the character or origin of the risk while the latter brings into focus the time and place relationship between the risk and the employment. The two requirements cannot, however, be considered in isolation from each other. A strong showing by the claimant with reference to the arise-out-of requirement may compensate for a relatively weak showing on the during-course-of requirement, or vice versa. As a corollary it follows that whenever the showing with respect to *445 both requirements is relatively weak a denial of compensation is indicated.
Raybol v. Louisiana State University, 520 So.2d 724, 726 (La.1988) (Citations omitted).
In his Reasons for Judgment, the trial judge noted that if plaintiff had been clearly performing his work at the time of his injury, the requirement that the risk of injury “arise out of” the employment would be relaxed. Conversely, in a case where the risk is directly related to the employment, the “course” requirement is relaxed. In the instant case, however, the trial judge found plaintiff’s errand to get his beeper to be only tangentially within the course of his employment; in addition, the risk of being assaulted outside his own home was found to be only remotely connected to plaintiffs employment. Based on these two very weak connections, the trial court denied coverage.
We agree with the result reached by the trial court. In Raybol, supra, the Court noted that when an employee is clearly within the course of his employment, his injury caused by the assault of a third person may be considered as having arisen out of the employment regardless of the nature of the attack or the identity of the assailant. If, however, the victim was only barely within the course of his employment, the court must determine whether the circumstances under which he worked enhanced the danger of assault. 520 So.2d at 727 (and cases cited therein). Thus, the Raybol court reversed a summary judgment which had denied compensation in a case where a custodial worker was accosted by her former boyfriend while she was actively performing her duties cleaning a dormitory building.
In the instant case, the plaintiff was not actually performing his job at the time of the assault. Although the errand to retrieve his beeper was connected to plaintiff’s employment, we agree with the trial court that this connection is tangential at best. Therefore, we must determine whether the plaintiff’s job at the Sewerage and Water Board subjected him to a greater risk of assault on the streets than that faced by the average person. Robinson v. F. Strauss & Son, Inc., 465 So.2d 284 (La.App. 4th Cir.1985), aff'd, 481 So.2d 592 (La.1986); Lisonbee v. Chicage Mill and Lumber Company, 278 So.2d 5, 9 (La.1973). There is nothing in the facts of this case to indicate that the plaintiff’s risk of falling victim to an assault was increased by his particular employment. We therefore agree with the trial judge that plaintiff’s injury did not arise out of his employment within the meaning of the worker’s compensation statute.
Accordingly, for the reasons stated, we affirm the judgment of the district court dismissing plaintiff’s action at his costs.
AFFIRMED.