554 So.2d 214 (1989)
Diane C. DUNCAN, on Behalf of the Minor Children, Brandon Michael HAHN, Miranda Kaye Hahn and Clinton Wayne Hahn, and as Administratrix of the Succession of Brenda C. Hahn, Appellants,
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY and XYZ Insurance Company, Appellees.
No. 20958-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1989.
Writ Denied February 16, 1990.
*215 David L. White, Bossier City, for appellants.
Tucker, Jeter, Jackson & Hickman by T. Haller Jackson, III, Shreveport for appellees.
Before HALL, FRED W. JONES, Jr. and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
Plaintiff, Diane C. Duncan, on behalf of the minor children, Brandon Michael Hahn, Miranda Kaye Hahn and Clinton Wayne Hahn, and as Administratrix of the Succession of Brenda C. Hahn appealed from the judgment of the trial court granting the motion for summary judgment filed by the defendant, South Central Bell Telephone Company, (hereinafter referred to as South Central Bell) in the action by plaintiff for worker's compensation death benefits and burial expenses. For the reasons stated herein, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with the views expressed in this opinion.
Issue Presented
The primary issue presented in this appeal is whether the trial court erred in finding that the death of the decedent did not arise out of and was not in the scope and course of her employment and thus erred in granting defendant's motion for a summary judgment.
Factual Background
The pleadings and the affidavits filed in this case established that on August 8, 1986, the decedent, Brenda C. Hahn, was employed as a full-time telephone operator by South Central Bell earning wages of $1200 per month. The decedent was employed at the defendant's building located at 3115 Dee Street in Shreveport, Louisiana and on that date was scheduled to work from 9:30 a.m. until 1 p.m. and then return to work the evening shift from 5:30 p.m. until 9:30 p.m. After finishing the morning shift, the decedent left the building and exited onto the parking lot. At 1:03 p.m., as the decedent was beginning to enter her automobile, she was approached by her estranged husband who shot her twice, fatally injuring her.
On September 15, 1987, the plaintiff, in her capacity as provisional tutrix of the decedent's minor children and as administratrix of the decedent's succession, filed this action to recover worker's compensation death benefits and burial expenses, naming as defendants, South Central Bell and its alleged insurer, XYZ Insurance Company.
In her petition, the plaintiff alleged that decedent was killed while on the employees' parking lot located at 3115 Dee Street when she was attempting to exit to return to her home and that the defendant, South Central Bell, knew that its parking lot was unsafe and had undertaken to provide security for its employees. Plaintiff alleged a guard had been provided for that purpose. However, the guard was not on the parking lot on the date of the incident, having left his post unattended. Plaintiff asserted that the defendant-employer was notified of the decedent's death almost immediately after it occurred.
Plaintiff alleged that the minor children were living with their mother at the time of her death and were wholly dependent upon her earnings for support. Further, the plaintiff's husband had paid $5000 for the funeral expenses of the decedent. Plaintiff alleged that despite amicable demand upon defendant for the payment of these claims, defendant had refused to pay any benefits. Plaintiff further alleged that the Office of Worker's Compensation had determined that the decedent's death was work-related and recommended that death benefits be paid in the amount of $274.56, based on an average weekly wage of $422.40, as provided by La.R.S. 23:1232 and that burial expenses not to exceed $3000 be paid as provided by La.R.S. 23:1210. Plaintiff alleged that this recommendation was rejected by the defendant-employer and as a result of *216 this rejection, it was necessary for the plaintiff to obtain the services of an attorney. Plaintiff prayed for a judgment awarding weekly compensation in the amount of $274.56, together with legal interest on the amount due, burial expenses and attorney's fees.
In response, the defendant filed a general denial answer alleging that it was self-insured on the date that the decedent was killed.
On July 15, 1988, the defendant filed a motion for summary judgment alleging that there were no genuine issues of material fact and that defendant was entitled to a summary judgment as a matter of law. Defendant contended that decedent was shot by her estranged husband while on defendant's premises, for reasons which were unknown but unrelated to the decedent's employment, after the decedent had completed her shift at work. The defendant alleged that the shooting did not take place during the course and scope of decedent's employment and did not arise out of decedent's employment. Defendant argued that decedent had left work and was entering her automobile to go on a personal mission and therefore was not in the course of her employment at the time of the shooting. Additionally, there was no relationship between the estranged husband and defendant so the shooting did not arise out of decedent's employment. Further, the fact that decedent worked at South Central Bell did not act to increase her risk of injury by her estranged husband. Rather, the estranged husband simply happened to find decedent at work and that was the location that he decided to confront and shoot her. Defendant argued that the mere fact that the shooting took place on defendant's parking lot did not act to give rise to a cause of action under the Louisiana Worker's Compensation Statute. Defendant noted that the Louisiana Supreme Court had recently held that for a cause of action to exist under the Louisiana Worker's Compensation Act, the employment must place the employee at a greater risk than if the employee had not been so employed.
In support of its motion for a summary judgment, defendant introduced the affidavit of Raymond W. Bowles, Operations Manager of South Central Bell. Bowles stated that on the date of the shooting, decedent worked from 9:30 a.m. until 1 p.m. and was scheduled to work the evening shift from 5:30 p.m. until 9:30 p.m. At the time of the shooting at 1:03 p.m., the decedent was off from work.
Defendant also introduced the affidavit of Todd D. Davis, Residence Marketing Manager of South Central Bell who stated that he was walking into the South Central Bell building at a few minutes past 1 p.m. on August 8, 1986 when he heard a man and woman arguing in the parking lot. The woman was struggling to get away from the man and did partially run away from him through the parking lot. The man caught up with her and in the ensuing struggle, shot her several times. The man then shot himself, injuring his cheek. Davis went to the aid of the woman who had been shot and discovered it was Brenda Hahn. Davis felt Hahn's pulse and determined that she was dead. When Davis saw that the man who had shot decedent was down on the ground, he went over to him, picked up the gun and stayed there until the police arrived. The man who shot Mrs. Hahn was her estranged husband, Michael Hahn. Hahn did not work for South Central Bell and was only on the parking lot premises on that particular day. Defendant also attached a certified copy of Hahn's conviction for manslaughter with a firearm.
In opposition, plaintiff contended that the decedent was in the course of her employment since she was departing the parking lot and was on the employer's premises at the time of the shooting which occurred only three minutes after her shift ended. Plaintiff further asserted that the accident arose out of the decedent's employment as she was required to be at that particular place by her employment at the time of the shooting. Plaintiff argued that in applying the test enunciated by the Supreme Court in Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932) (hereinafter referred to as Kern), it was evident that decedent's employment *217 required her to be on the premises as she was about to enter her car on her employer's parking lot and the shooting occurred while she was at a place her employment required. Plaintiff generally argued that applying the jurisprudential rules dealing with the "arising out of" and "in the course and scope of" requirements, particularly the Kern test which had been universally applied in assault cases, made it clear that plaintiff's claim was compensable. Plaintiff did not file any counter-affidavits in opposition to defendant's motion.
The trial court granted defendant's motion for a summary judgment. First, it noted that an employee protected by the worker's compensation statute is entitled to receive benefits when he receives personal injury by accident arising out of and in the course of his employment, pursuant to La. R.S. 23:1031. Then the trial court gave great weight to the recent Supreme Court decision of Raybol v. Louisiana State University, 520 So.2d 724 (La.1988) (hereinafter referred to as Raybol), where an assault was the basis of a claim for worker's compensation benefits. The trial court also reviewed a number of cases cited by the parties which construed the "arising out of" as well as the "in the course and scope of" requirements of the statute in the context of an assault on an employee in the work setting.
After examining the standards set forth in the Raybol decision, the trial court concluded that due to the close proximity of the time of the incident with the time that decedent "punched out", it could be stated that she was in the course of her employment, but "barely". Decedent was only remotely still within the course of her employment as she prepared to get into her automobile. In examining the "in the course of" requirement, the trial court stated that it must look to the time and place relationship between the risk and the employment. In the instant case, the court found that there was a total absence of any relationship between the employment and the origin of the risk. The decedent was shot and fatally wounded by her estranged husband as she sought to leave the employee parking lot. The risk and consequent assault arose out of the decedent's private life rather than any dispute reasonably related to a co-employee. The decedent's estranged relationship with her husband had no connexity with her employment whatsoever. The fact that decedent was shot on the parking lot was simply coincidental and merely the place chosen by the assailant rather than the employer having subjected her to any enhanced risk. The origin of the assault was purely personal and the employment contributed nothing to the incident. Therefore, the court found that plaintiff had made a weak showing of "arising out of the course of employment" and a weak showing of the incident having occurred "in the course and scope of employment". On this basis, the court concluded that decedent's death was not related to the employment setting such that recovery under worker's compensation law was required.
Legal Principles
A motion for summary judgment should only be granted where the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966. The burden of proof is on the mover to show that any real doubt has been excluded. The mover's pleadings, affidavits and documents are to be scrutinized closely while those of the opponent are to be indulgently treated. If the evidence presented is subject to conflicting interpretations or reasonable men might differ to as its significance, summary judgment is not proper. Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. Summary judgment is not to be used as a substitute for full trial of the controverted factual issue which is material to the decision of the case. The likelihood that a party will be unable to prove its allegations at trial does not constitute a basis for rendering a summary judgment. Toole v. Tucker, 519 So.2d 348 (La.App. 2d Cir. 1988), writ denied, 521 So.2d 1156 (La. *218 1988); Rockwood Insurance Company v. Workers' Compensation Second Injury Board, 508 So.2d 621 (La.App. 2d Cir. 1987), and Swindle v. Haughton Wood Company, Inc., 458 So.2d 992 (La.App. 2d Cir. 1984).
La.R.S. 23:1031 provides, in pertinent part:
(i)f an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated....
The requirements that the injury arise out of and in the course of employment have been the subject of extensive litigation. There have been several landmark cases in this area and some confusion as to the proper test which should be applied in determining whether an accident "arose out of" or "within the course of" employment.
In the Kern case, the Supreme Court stated that in determining whether an accident arose out of employment, it was necessary to consider only this:
1) Was the employee then engaged about his employer's business and not merely pursuing his own business or pleasure; and,
2) Did the necessities of that employer's business reasonably require that the employee be at the place of the accident at the time the accident occurred?
This test enunciated by the Supreme Court has later become known as the "time, place and circumstance" test or doctrine.
Earlier in the case of Myers v. Louisiana Railway and Navigation Company, 140 La. 937, 74 So. 256 (1917), the Supreme Court held that it was necessary to determine whether the nature of the employment was such that the risk from which the injury resulted was greater for the workman than for a person not engaged in the employment. This test has later become known as the "increased risk" test or doctrine.
The Supreme Court later stated in Harvey v. Caddo De Soto Cotton Oil Company, 199 La. 720, 6 So.2d 747 (1942), that the test enunciated in Kern was the adoption of a more liberal, broader view with respect to the test to be applied in determining whether an accident arose out of the employment. It appears that a majority of the decisions for some period followed the more liberal time, place and circumstance doctrine enunciated in Kern. See Powell v. Gold Crown Stamp Company, 204 So.2d 61 (La.App. 2d Cir.1967), Rogers v. Aetna Casualty and Surety Company, 173 So.2d 231 (La.App. 3d Cir.1965), writ refused, 247 La. 723, 174 So.2d 133 (1965), and Goring v. Edwards, 222 So.2d 530 (La.App. 4th Cir.1969).
While the two apparently inconsistent decisions acted to create some confusion in later cases, it appears in the jurisprudence that Louisiana has developed a two-pronged test combining the use of both doctrines.
In Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973) (hereinafter referred to as Lisonbee), the Supreme Court held that the two doctrines were not completely independent of each other but rather must be considered together. The court held that the terms "arising out of" and "in the course of" were not synonymous. The former suggested an inquiry into the character or origin of the risk, while the latter brought into focus the time and place relationship between the risk and the employment. The court found that the two requirements could not be considered in isolation from each other. A strong showing by the claimant with reference to the "arise out of" requirement could compensate for a relatively weak showing of the "during course of" requirement, or vice-versa. As a corollary, it followed that whenever the showing with respect to both requirements was relatively weak, a denial of compensation was indicated. The court noted that these concepts were developed from cases interpreting the spare phrases "arising out of" the employment and "in the course of" the employment. However, the question of which risk shall be included within the *219 worker's compensation act and which should be excluded could not be decided by phrases. Rather, each case must be determined from its own facts. The court held to "arise out of" the employment, the accident must be the result of some risk to which the employee was subjected in the course of his employment and to which he would not have been had he not been so employed. Time, place and circumstance would determine this. To this must be added the consideration of the character of the risk, which meant the accident must be the result of some risk to which the employee was subjected in the course of his employment and to which he would not have been subjected if he had not been so employed. The nature of the employment must be such that the risk from which the injury resulted was greater for the workman than for a person not engaged in the employment.
The court noted that the principle underlying the enactment of the Worker's Compensation Act, that those who enjoyed the product of a business should ultimately bear the cost of injuries incident thereto, only made sense if the injuries bore some significant relationship to the business operation. Such a relationship must be determined with reference to the particular facts of each case inasmuch as there was no exact rule for such determination. The test for recovery in marginal cases was to what degree or limit the injured employee was subjected to the hazard causing the injury by virtue of his status as an employee and to what degree the injured employee's activities at the time were at the direction or in the interest of his employer
Subsequent appellate decisions applied the combined time, place and circumstance test of Kern and increased risk doctrine of Myers as directed by the Supreme Court in Lisonbee. The test was essentially that an accident occurred "in the course of" employment when it happened during the time of employment and at a place contemplated by the employment. However, such a showing alone did not satisfy the dual requirements. There was the additional requirement that the accident "arise out of" the employment and arising out of the employment contemplated the accident being the result of some risk to which the employee was subjected in the course of his employment and to which he would have not been subjected had he not been so employed. Furthermore, the risk of employment from which injury resulted should be one greater than that occasioned by a person not engaged in the employment. See Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982); Dupre v. Louisiana Retailer's Association Self-Insurers Fund, 509 So.2d 608 (La.App. 3d Cir.1987), writ denied, 512 So.2d 440 (La.1987); Bickham v. Orleans Parish School Board, 488 So.2d 1248 (La. App. 4th Cir.1986), writ denied, 491 So.2d 24 (La.1986); Laughlin v. City of Crowley, 411 So.2d 708 (La.App. 3d Cir.1982), and Mitchell v. Employer's Mutual Liability Insurance Company, 341 So.2d 35 (La. App. 3d Cir.1976), writ denied, 342 So.2d 1121 (La.1977).
In considering the "arising out of" and "in the course of" requirements, the Supreme Court in Raybol stated that judicial experience had taught that the two elements should not be understood as entirely separate requirements to be rigidly and independently exacted. Rather, they should be understood simply as closely intertwined issues that may usefully illuminate the common sense, practical question of whether the injury bears some significant relationship to the business operation. The court found that an accident that happens while an employee is actively engaged in the performance of his duties during working hours will be regarded as having occurred in the course of his employment. When the employee is clearly in the course of employment because he is actively engaged in the performance of his duties, preparing himself for his work, or taking a short permissible rest from his labors, his injury or death caused by the assault of a third person arises out of the employment regardless of the nature of the difficulty that prompted the attack or the identity of his assailant. If, however, at the time of the incident the victim was only barely within the course of his employment, it *220 becomes necessary and proper to determine whether the circumstances under which he worked enhanced the danger of an assault. See also LaFleur v. Swallow's Rice Mills, 532 So.2d 255 (La.App. 3d Cir.1988).
As noted in Glory v. Zuppardo's Economical Supermarket, 532 So.2d 933 (La. App. 5th Cir.1988), the worker's compensation law must be accorded a liberal interpretation. The requirement that an employee receive a personal injury by accident "arising out of" and "in the course of" his employment pursuant to La.R.S. 23:1031 defines an ambit of liability broader than that of both common law and Louisiana tort formulations of scope of employment. The court stated that the legal evaluation of these phrases had evolved into an analysis by a particular formula which should be tempered by the caution that each case must be decided on its own facts and that phrases alone could not be determinative of each succeeding set of facts. The phrases "arising out of" and "in the course of" should be interpreted to mandate separate inquiries as to the connexity between the accident and the employment.
With respect to the "in the course of" requirement, it is well-settled that a reasonable period of time is allowed for an employee to enter and leave the work premises such that the employee will be considered within the course of his employment. Even if an employee has finished his day's work and is preparing to leave or is in the act of leaving, he is entitled to a reasonable period while still on the premises which is regarded as within the course of the employment and the working day embraces these intervals just as it includes reasonable periods of rest, relaxation or the attendance of personal needs. Carter v. Lanzetta, 249 La. 1098, 193 So.2d 259 (1966); LeFleur v. Swallow's Rice Mills, supra, and Edwards v. Superior Coach Sales, Inc., 417 So.2d 1289 (La.App. 1st Cir.1982), writ denied, 422 So.2d 423 (La. 1982).
It is clear that intentional shootings of and assaults upon employees have been found by the courts to satisfy the statutory requirements of personal injury by accident. Verrette v. Town of Ponchatoula, 464 So.2d 392 (La.App. 1st Cir.1985).
Motion for Summary Judgment
Plaintiff argues that the trial court erred in granting the defendant's motion for summary judgment as it failed to properly apply the rules set forth in Kern to the facts of the instant case and thus failed to find that the death of the decedent "arose out of" or was "in the course of" her employment. Plaintiff argues that the shooting did arise out of decedent's employment applying the Kern test to the facts of this case. Plaintiff contends it is clear that decedent was not merely pursuing her own business or pleasure but was indeed performing an activity that was incidental to her job duty, that is, walking to her car to leave her employer's premises. Further, decedent was reasonably required to be there in the parking lot at the time the accident occurred, thus satisfying the second requirement of Kern. Plaintiff notes that decedent was attacked in the parking lot within three minutes after her shift ended and thus it can be said that she was actively at work immediately preceding the accident. Plaintiff further argues that the accident occurred well within the course of decedent's employment, as an employee is entitled to a reasonable time to depart the premises and if the accident occurs during that time, the court will hold that this occurred during the course of his employment.
As noted above, the trial court found that the plaintiff had made a weak showing of the "arising out of" the employment and a weak showing of the incident having occurred "in the course and scope of" employment and therefore concluded that the decedent's death was not compensable under worker's compensation law. After reviewing the record, we find that the trial court erred in this conclusion and thus erred in granting defendant's motion for a summary judgment.
In considering the "in the course of" requirement which logically necessitates an examination of time, place and circumstance, we find that the trial court erred in holding that plaintiff was "barely" within the course of her employment and thus had made a weak showing of this element. As *221 noted above, a reasonable period of time is allowed for an employee to enter and leave the work premises so that the employee will be considered within the course of his employment. Further, the court in Raybol held that an accident that happens while an employee is actively engaged in the performance of his duties during working hours will be regarded as having occurred in the course of his employment.
The documents submitted in support of defendant's motion established that decedent worked her first shift until 1 p.m. and was scheduled to return at 5:30 p.m. to work the evening shift. She was attacked and shot by her estranged husband at 1:03 p.m. before she had even entered her automobile. The shooting occurred on the employer's parking lot, presumably in an area provided for employee parking. Since the assault occurred on the employer's premises within moments after decedent ended her shift and before she even had time to physically leave the employer's premises, we find that the death of decedent was clearly within the course of her employment as she was actively engaged in the performance of her duties immediately preceding the assault and by the necessities of her employment was required to be at the place of the accident at the time the accident occurred.
As noted in Raybol, when the employee is clearly in the course of employment because he is actively engaged in the performance of his duties, his injury or death caused by the assault of a third person arises out of employment regardless of the nature of the difficulty that prompted the attack or the identity of his assailant. It is only necessary to determine whether the circumstances under which he worked enhanced the danger of an assault if at the time of the aggression the victim was only "barely" within the course of his employment. Thus it appears from this decision that upon a finding that the employee is clearly in the course of employment, there is no need to determine whether the injury arose out of plaintiff's employment by examining whether the circumstances under which the employee worked enhanced the danger of an assault. As we find that decedent was clearly within the course of her employment, it is not necessary for us to consider whether the circumstances under which she worked enhanced the danger of an assault. Nevertheless, we note the security guard was allegedly absent from his post at the time of the incident, which fact, if proven at trial, would clearly serve to satisfy the "arising out of" requirement as the lack of security provided by the employer certainly enhanced the danger of an assault upon the decedent. Further, in this particular case, the fact that the employer provided a specific parking area for the employees as well as scheduling decedent to work in certain shifts may have made the decedent's movements more predictible, thereby increasing the risk of a planned assault by her estranged husband.
Conclusion
For the reasons stated herein, the summary judgment in favor of the defendant, South Central Bell Telephone Company and against plaintiff, Diane C. Duncan, on behalf of the minor children, Brandon Michael Hahn, Miranda Kaye Hahn and Clinton Wayne Hahn, and as Administratrix of the Succession of Brenda C. Hahn, is REVERSED, the motion is DENIED, and this matter is REMANDED to the trial court for further proceedings. Costs of this appeal are assessed to the defendant.
LINDSAY, J., concurs in the result.