DUFRESNE, Judge.
Plaintiff, Geraldine Sims, appeals the granting of a summary judgment dismissing her tort suit against the defendant, Browing-Ferris Industries, Inc., for the wrongful death of her son, Bryant Sims, limiting her recovery pursuant to Louisiana Worker’s Compensation Act. From this judgment Mrs. Sims has appealed contending she has a tort action against the defendant.
Bryant Sims was employed by Temlaco Temporary Services, a subcontractor who supplied workers to Browning-Ferris Industries, Inc. (BFI). Mr. Sims was a “hopper”, an individual who rode on the outside rear of a garbage truck, picking up and depositing garbage in the rear of the truck.
On the day of his accident, November 12, 1990, Mr. Sims rode with another named defendant, co-worker, Charles Lestrick. After completing their route at approximately 3:00 p.m., Mr. Lestrick dropped off Mr. Sims at his place of residence to allow him to take medicine and would return to pick him up to go “clock out”. Mr. Les-trick returned to pick up Mr. Sims, while backing up the truck, Mr. Sims ran toward the truck and attempted to step on the running board of the truck, he fell or tripped over his untied shoelaces and was struck by the truck.
BFI argues that Mr. Sims was their statutory employee pursuant to LSA-R.S. 23:1061, since he was working within BFI’s trade business or occupation. Furthermore, Mr. Sims met his accidental death when he was in the course and scope of his employment with BFI. Consequently, BFI is immune from suit in tort and worker’s compensation is the sole remedy available to plaintiff.
It is clear that our Louisiana Worker’s Compensation Act, LSA-R.S. 23:1021 et seq, provides exclusive remedy for employees who sustain injuries arising out of and in the course of their employment. Under the Act, tort immunity extends beyond the employee’s immediate employer, rather a party who contracts with another for the performance of work that is part of his trade, business, or occupation is also entitled to tort immunity, LSA-R.S. 23:1061.
In this case, BFI contracted with Temlaco to provide “hoppers”, who performed work that is part of BFI’s business. It is clear from our review of the facts of this case that Mr. Sims was BFI’s statutory employee.
The issue on appeal was whether Bryant Sims was in the course of his employment, which arose out of his employment at the time of his accident. If so, worker’s compensation is the exclusive remedy against BFI. Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992).
In Raybol v. Louisiana State University, 520 So.2d 724 (La.1988), the Supreme *704 Court interpreted the phrases, "arising out of” and “in the course of” according to the court, the terms constitute a dual requirement.
The former suggests an inquiry into the character or origin of the risk, while the latter brings into focus the time and place relationship between the risk and the employment. “The two requirements cannot, however, be considered in isolation from each other. A strong showing by the claimant with reference to the arise-out-of requirement may compensate for a relatively weak showing on the during-course-of requirement, or vice versa.”
According to the Supreme Court:
“When the employee is clearly in the course of employment because he is actively engaged in the performance of his duties, preparing himself for his work, or taking a short permissible rest from his labors, his injury or death caused by the assault of a third person arises out of employment regardless of the nature of difficulty that prompted the attack or the identity of his assailant.”
Furthermore, our Courts “have repeatedly awarded compensation for injuries sustained by employees while away from the place of employment attending to personal needs which are incidental to the employment or which enable the employee to work better.” Robinson v. F. Strauss and Son, Inc., 481 So.2d 592 (La.1986).
The record reflects that Mr. Sims’ accident occurred during his working hours, at a permissible location and was sufficiently connected in both time and place to his employment such that he was within the course of his employment when he was fatally injured. Mr. Sims’ accident happened when he was attempting to board the garbage truck (his usual work station). The risk of falling while doing his job was completely related to and arises out of his employment while he was still “on the clock”.
Although Mr. Sims was performing a personal errand at his residence before his accident, once he turned his attention back to work, he was in the course of his employment.
We find that under the facts of this case, for purposes of BFI’s motion for summary judgment, Mr. Sims’ death happened while he was in the course of his employment and arose out of his employment.
Accordingly, for the reasons stated above, we affirm the decision of the trial court granting BFI’s motion for summary judgment, dismissing Mrs. Sims’ tort suit.
AFFIRMED.