hSAUNDERS, Judge.
In this workers’ compensation proceeding, the question is whether the employer should be required to pay its employee’s medical expenses occasioned by a wholly unprovoked and sudden assault on an employee it assigned to attend a convention in New Orleans, Louisiana. |2The hearing officer concluded that the employer is responsible for those medical expenses. We affirm.

FACTS

The facts are not in dispute. Claimant John Pappas was employed by Marine Spill Response Corporation (MSRC) as a communications technician. In that capacity, with supervisor Joe Matthews, plaintiff travelled to New Orleans to attend a work-related convention in March of 1993.
By stipulation, Pappas was not in New Orleans voluntarily, but was there for a convention sponsored by his employer during which he was compensated.
During the convention, Pappas and Matthews encountered business prospects and indicated that they, like other conventioneers, would visit Bourbon Street that evening after the convention. After the convention was over, Pappas and Matthews had dinner together then went to the Cat’s Meow, which is a karaoke bar located on Bourbon Street. Although neither employee of MSRC made specific plans to meet anyone there on business, both believed that to be a good prospect.
Upon arriving at the Cat’s Meow, they found a standing room only table in the rear of the bar and there befriended a Dutch couple. When the Dutch woman eventually volunteered to take the stage, Pappas joined the crowd in cheering on his new friend. En route to the stage, he possibly knocked over a beer bottle belonging to a patron or employee, prompting that individual to approach claimant.
With little or no notice, the assailant abruptly kicked Pappas in the groin resulting in medical expenses of some $1,600.00 upon his return home to Calcasieu Parish. This dispute followed.
| gAfter the employer’s motion for summary judgment was overruled, the matter proceeded to the merits. Only Pappas and Matthews testified. The hearing officer ruled in favor of the employee’s claim for medical expenses, but rejected his allegations that MSRC was arbitrary and capricious in denying them.

OPINION

From the hearing officer’s judgment in the employee’s favor, the employer appeals, maintaining that the hearing officer erred in awarding claimant medical expenses. It argues that claimant’s injuries did not occur in the course and scope of claimant’s employment, but rather arose from a dispute unrelated to his employment.
The employer is responsible for workers’ compensation benefits to its employee who is injured by an accident which occurs in the course of the employee’s employment and arises out of the employment. LSA-R.S. 23:1031. The employer is also responsible for all necessary medical expenses arising from such injuries. LSA-R.S. 23:1203.
The question that presents itself in this dispute is whether the employee has demonstrated that his injury-producing accident occurred in the course and scope of his employment. For guidance, we turn to the Louisiana Supreme Court authority cited by the employer.
*443 “An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer’s premises or at other places where employment activities take the employee. Kern v. Southport Mill, 174 La. 482, 141 So. 19 (1932); W. Malone & H. Johnson, 13 Louisiana Civil Law Treatise —Worker’s Compensation Sec. 161 (2d ed. 1980). While coverage has been extended in some cases to include accidents during times for rest or lunch periods or before and after work on the employer’s premises, or to include accidents at places where employment duties are performed off the employer’s premises, the principal criteria for determining course of employment are time, place and employment activity.
|4“The determination of whether an accident arises out of employment focuses on the character or source of the risk which gives rise to the injury and on the relationship of the risk to the nature of the employment. An accident arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. Myers v. Louisiana Railway and Navigation Co., 140 La. 937, 74 So. 256 (1917). Moreover, an accident has also been held to arise out of employment if the conditions or obligations of the employment caused the employee in the course of employment to be at the place of the accident at the time the accident occurred, Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932). Thus, when the employee is squarely within the course of his employment, virtually any risk (whether an increased risk or not) has been considered as arising out of employment. W. Malone & H. Johnson, supra at Sec. 193.
“The principal objective of the ‘arising out of employment’ requirement is to separate accidents attributable to employment risks, which form the basis of the employer’s obligation under the compensation system, from accidents attributable to personal risks, for which the employer should normally not be responsible. 1 A. Larson, Workmen’s Compensation Sec. 7.00 (1990). The risks which have caused the greatest difficulty are those that have neither a particular employment character nor a particular personal character. Id.
“This court has declined to view the ‘course of employment’ and ‘arising out of employment’ requirements as separate and unrelated concepts. Rather, this court has recognized the mutual interdependence of the two concepts in determining the relationship of the injury to the employment. See W. Malone & H. Johnson, supra at Sec. 144; 1 A Larson, supra at Sec. 29.00, 29.10. In a close case a strong showing of ‘course of employment’ has been held to counterbalance a relatively weak showing of ‘arising out of employment.’ See Raybol v. Louisiana State University, 520 So.2d 724 (La.1988) (a custodial employee of a university, assaulted by a jilted lover while performing her regular employment duties during regular working hours in an unoccupied portion of a dormitory, was entitled to compensation because the ‘course of employment’ showing was clear, and the employee was so totally innocent of causing or inviting the attack that the assault could be viewed as perpetrated by a total stranger). When the accident occurs at such a time or place or during such an activity so that the employee is barely within the outer boundary of the ‘course of employment’ inquiry, a very strong showing by the employee that the risk arose out of the employment is necessary to establish the relationship between the injury and the employment necessary for entitlement to compensation. See Robinson v. F. Strauss & Son, Inc., 481 So.2d 592 (La.1986) (denial of compensation affirmed when ‘course of employment’ showing was weak because employee had deviated from employment task to attempt reconciliation with a neighbor who was jealous over the employee’s |5attention to the neighbor’s girlfriend, and the neighbor’s shooting of the employee provided a weak ‘arising out of employment’ showing).”
Mundy v. Dept. of Health and Human Resources, 593 So.2d 346, 349-50 (La.1992).
(Emphasis added.)
*444 Because the “course and scope” requirements for employers seeking to avail themselves of tort immunity under LSA-R.S. 23:1032 are largely the same as those for employees seeking to recover workers’ compensation benefits under LSA-R.S. 23:1031, development in the jurisprudence relating to one type of controversy is applicable to deal with the other. Thus, Mundy is relevant to the present dispute because in it the employer was denied its claims to tort immunity because the victim, a nurse assaulted on her way to work, had not met the prerequisites of LSA-R.S. 23:1031.
In Mundy, the court concluded that plaintiff, injured before arriving at her work station and before she began performing her job duties under her employer’s supervision, was not in the course and scope of her employment at the time of her injuries. Id., citing Templet v. Intracoastal Truck Line, Inc., 255 La. 193, 230 So.2d 74 (1969).[1] Significantly, the outcome in Mundy would have been different had plaintiff made a sufficient showing that she was injured while acting in the course of her employment.[2]
16“When the employee is clearly in the course of employment because he is actively enyayed in the performance of his duties, prepariny himself for his work, or takiny a short permissible rest from his labors, his injury or death caused by the assault of a third person arises out of employment reyardless of the nature of difficulty that prompted the attack or the identity of his assailant. See Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932); Gorings v. Edwards, 222 So.2d 530 (La.App. 4th Cir.1969); Powell v. Gold Crown Stamp Co., 204 So.2d 61 (La.App. 2d Cir.1967); Rogers v. Aetna Cas. & Surety Co., 173 So.2d 231 (La.App. 3rd Cir.), writ denied, 247 La. 723, 174 So.2d 133 (La.1965); Malone & Johnson, Workers’ Compensation, Sec. 195. If, however, at the time of the aggression the victim was only barely within the course of his employment, it will be necessary and proper to determine whether the circumstances under which he worked enhanced the danger of assault. See Myers v. La. Ry. & Nav. Co., 140 La. 937, 74 So. 256 (1917); Mitchell v. Employers Mutual Liability Ins. Co. of Wisconsin, 341 So.2d 35 (La. App. 3d Cir.1976), writ denied, 342 So.2d 1121 (La.1977); Malone & Johnson, Workers’ Compensation, Sec. 195. Furthermore, if the employer succeeds in proving that the victim invited the assault through his willful intention to injure another, there can be no recovery regardless of whether the accident occurred in the course of employment or arose out of it; for the employer is entitled to establish the aggression of the victim as a special defense. La.R.S. 23:1081; Martinez v. Dixie Brewing Go., 463 So.2d 628 (La.App. 4th Cir. 1984), writ denied, 467 So.2d 537 (La.1985); Augustine v. Washington Parish Police Jury, 383 So.2d 1271, (La.App. 1st Cir.), writ denied, 386 So.2d 1379 (La.1980); Malone & Johnson, Workers’ Compensation, See. 195 (2d ed.1980).”
Raybol, supra, at 727.[3] (Emphasis added.)
The crucial question presented here, as in Mundy, is whether the hearing officer erred *445 in concluding that claimant presented a sufficiently strong “course of employment” showing. This is because as in Mundy, the risks encountered by claimant here, although quite real, were no greater than those for a person not so employed.
|7In support of its conclusion that no such showing was made, the employer argues that it should not be held accountable for injuries arising from an assault on its employee, on alternate grounds that claimant was on a personal mission or because his employment bore little relation to the risk that he might be assaulted. Claimant, on the other hand, argues that his employer should be cast for his medical expenses because the accident occurred at a time and place to which he was summoned by his employer.
In the end, we have determined that the hearing officer’s conclusion was based on what we view to be a proper appreciation of the law. The hearing officer correctly placed emphasis on whether the employer’s business required the worker to be present at the time and place the accident occurred, see generally the authority the cited in Benoit v. Capitol Mfg. Co., 617 So.2d 477, 479-80 (La.1993), before concluding that claimant’s mis sion was not personal but business-related. See also, Duncan v. South Cent. Bell Telephone, 554 So.2d 214 (La.App. 2d Cir.1989), writ denied, 559 So.2d 125 (La.1990), and Meaux v. Cormier, 554 So.2d 285 (La.App. 3d Cir.1989). Cf. Davis v. Sewerage & Water Board of New Orleans, 552 So.2d 444 (La.App. 4th Cir.1989).
“An employee is acting within the course and scope of his employment while on a job connected mission which the employer had reason to expect would be performed. Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La., 1975); St. Paul Fire & Marine Insurance Co. v. Roberts, 331 So.2d 529 (La.App. 1 Cir.1976). When, at the time of an accident, ‘the employee is on a mission contemplated by employer and employee for which he is to be compensated, ... the employee is within the scope of his employment.’ O’Brien v. Traders and General Insurance Company, 136 So.2d 852 at 864 (La.App. 1 Cir.1961). Among the factors to be weighed in determining an employer’s responsibility for the tort of an employee are: ‘the time, place and purpose of the act in relation to service of the employer, the relationship between the employee’s act and the employer’s business ... and the reasonable | expectation of the employer that the employee would perform the act.’ Reed v. House of Decor, Inc., 468 So.2d 1159 at 1161 (La., 1985); LSA-C.C. art. 2320.”
Michaleski v. Western Preferred Cas. Co., 472 So.2d 18, 21 (La.1985). See also, Raybol, supra. To be injured in the course of one’s employment, the accident need not occur solely between the hours of nine and five or at the employee’s usual workstation.
And we discern no manifest error in the hearing officer’s finding Pappas acted in his employer’s interest. See generally, Charles v. Travelers Ins. Co., 627 So.2d 1366 (La.1993); Bruno v. Harbert Intern., Inc., 593 So.2d 357 (La.1992); Rosell v. ESCO, 549 So.2d 840 (La.1989).[4] The hearing officer heard the testimony presented and ruled in claimant’s favor:
“The Court thoroughly reviewed the evidence presented at the trial. The witnesses presented themselves as honest, credible witnesses. Based on the evidence presented, the Court finds that Mr. Pappas was within the course and scope of his employment when he was injured. The evidence presented at the trial established that after the conference ended that day, Mr. Pappas and Mr. Matthews were at the business establishment planning to interface with vendors who attended the conference. Their goal was to develop a relationship with individuals in the communication business. Mr. Matthews testified that *446 they were at the business establishment to directly benefit the company.”
These findings are supported by the record, which clearly shows that, but for his employer’s need, claimant would not have been in New Orleans under his employer’s supervision but for the convention to which he was called by his employer, and would not have been figuratively prospecting for gold with his supervisor in haunts frequented by conventioneers — while wearing his company’s logo and convention badge on his lapel, no less. 19These factors, particularly when combined with the inherent risks one could expect to encounter when called by an employer to a place serving liquid spirits, late at night, on Bourbon Street, could have convinced the trier of fact that the employee’s claim was compensable for, although neutral, these insurable risks were foreseeable by the employer who benefitted from their taking.

LSA-R.S. 23:1031(D)

Having concluded that claimant’s injury is work-related, we next turn to the applicability of LSA-R.S. 23:1031(D):
Sec. 1031. Employee’s right of action; joint employers, extent of liability
A. If an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.
D. An injury by accident should not be considered as having arisen out of the employment and thereby not covered by the provisions of this Chapter if the employer can establish that the injury arose out of a dispute with another person or employee over matters unrelated to the injured employee’s employment.
LSA-R.S. 23:1031(D).
As the Supreme Court noted in Benoit, before Subsection D was added by Act No. 454 of 1989, effective January 1, 1990, an employee’s assault on a fellow worker generally is deemed to arise out of employment even when it resulted from a dispute unconnected with the employer’s business. Id. at 479. Obviously, in the wake of LSA-R.S. 23:1031(D), supra, this is no longer the case when (1) the injury arises from a dispute and the dispute is (2) unconnected with the employee’s employment.
| ipSubsection D has no effect, however, in the typical context of a successful claim for workers’ compensation, when the worker suffers an injury in the course and scope of his employment and there is no dispute at all, LSA-R.S. 23:1031(A), or when there is a dispute but the dispute is employment related. Benoit, at 479.[5]
Relying on LSA-R.S. 23:1031(D), effective by the time claimant’s 1993 assault occurred, the employer argues that the battery visited upon claimant inflicted an injury arising “out of a dispute with another person ... over matters unrelated to the injured employee’s employment” within the meaning of LSA-R.S. 23:1031(D). Meanwhile, claimant insists that LSA-R.S. 23:1031(D) only immunizes employers where the employee is an actual participant in the dispute, not an innocent bystander or passive victim. According to claimant, the hearing officer’s refusal to invoke the statutory exclusion was correct because his injury did not arise out of a “dispute,” but from an unsolicited assault.[6]
The question is whether an injury sustained by an employee from the sudden unprovoked assault of a perfect stranger can be said to have arisen from “a dispute” within *447 the contemplation of LSA-R.S. 23:1031(D). If it does, then the employer is relieved of its obligation to pay compensation.
| nWe conclude that it does not, and not only because the worker’s compensation laws of this state are to be liberally construed, see Peveto v. WHC Contractors, et al., 630 So.2d 689, 691 (La.1994), but because we construe the term “dispute” to mean a disagreement between two or more persons expressing contrary positions.[7]
Viewed from this, the worker’s perspective, Williams v. Regional Transit Authority, 546 So.2d 150, 156 (La.1989); Bruno, supra, at 360, the employer’s position would be meritorious had its employee’s injury arisen out of 1) an argument in which he participated and 2) the argument concerned matters unrelated to his employment. Because here claimant did not participate in or contribute to some precipitative argument or conflict, we conclude that he was merely a victim to an assault whose resulting injuries are compensable, having arisen in the course and scope of his employment.[8]

DECREE

For the foregoing reasons, the judgment of the hearing officer is affirmed, at defendant’s costs.
AFFIRMED.
AMY, J., concurs.

. In Templet, after an exhaustive review of United States Supreme Court and other jurisprudence, our state Supreme Court concluded that a worker who is not on his employer's premises and not under his employer’s supervision could nonetheless recover workers compensation if his employment subjected him to an abnormal risk, or peculiar or abnormal exposure to a common peril. Because in that case, Templet was not so subjected, his claim for benefits under "the threshold doctrine” was denied.
Insofar as in this case Pappas was under his employer’s supervision, Templet is clearly distinguished.

. Our Supreme Court stated in Mundy:
"Inasmuch as the risk which gave rise to the injury was a neutral risk that was not related either to plaintiff's employment or to plaintiff's personal life, the "arising out of the employment” showing ..., while not particularly strong, could be considered sufficient if there was a strong 'course of employment' showing.”
Id., at 350.

.In Raybol relief was granted, where it was inferred that claimant was "as innocent of having caused or invited the unwarranted assault as if the perpetrator had been a complete stranger.” Id., at 727. Here the case for compensation is stronger, as there is no question of the fact.

. "There is no substitute for an analysis of each situation upon its own facts, with a decision to be reached by weighing the relative merits of the showing of whether the injury was in the course of employment and arose out of the employment." Malone and Johnson, Workers' Compensation Law and Practice, (3d ed.), Section 149, at 326. See also, Lisonbee v. Chicago Mill & Lumber Co., 278 So.2d 5, 7 (La.1973) ("But the question of which risk shall be included within the act and which shall be excluded cannot be decided by phrases. Each case must be determined from its own facts.”)

. Subsection D was added by Act No. 454 of 1989, effective January 1, 1990, after this [i.e., Benoit’s ] accident, but in any event the amendment does not impact this case since the dispute was employment related.

. In the words of the hearing officer:
“As to the injuries sustained by Mr. Pappas, the Court finds that Mr. Pappas suffered an unprovoked injury by accident arising out of the course and scope of his employment. The evidence clearly established that Mr. Pappas did not initiate, nor did he participate, in a dispute with the patron who struck him. The employer has failed to establish that the injury arose out of a dispute. Therefore, the Court finds that defendant shall pay all necessary medical expenses incurred by Mr. Pappas as a result of the injury."

. Webster's Ninth New Collegiate Dictionary (Merriam-Webster 1991) variously defines a "dispute” as a verbal controversy, a debate, a quarrel, or physical combat.

. Parenthetically, we observe that this conclusion is consistent with the larger socioeconomic goals of our state’s workers' compensation and environmental schemes, assigning to the consumer, albeit indirectly, insurable risks associated with the peddling and delivery of environmental remediation services.