__[g_FOGG, J.
By this writ application, the defendant in this workers’ compensation action seeks review of the denial of its motion for summary judgment. We initially reviewed the application and denied the writ. The defendant then sought relief from the Louisiana Supreme Court. The supreme court granted the defendant’s writ, vacated our judgment, and remanded the case to this court for briefing, argument and opinion. Seal v. Bogalusa Community Medical Center, 99-1568 (La.9/17/99), 747 So.2d 555. Therefore, we now revisit the matter.
On August 27, 1997, Arthur Seal sustained injuries when he tripped and fell on a piece of molding hidden under the carpet at his home. At the time of the injury, he was employed as an x-ray technician for the defendant, Bogalusa Community Medical Center, and was on-call. He had just returned home from working his regular shift at the hospital when he was called to return to work. The accident occurred while he was in the process of leaving his home.
In response to a Disputed Claim for Compensation filed by Seal with the Office of Workers’ Compensation, Bogalu-sa Community Medical Center filed a motion for summary judgment, asserting Seal was not in the course and scope of his employment at the time of the accident. *969 The trial court denied the motion and the defendant sought writs from that judgment. Relator contends that a trip and fall accident of an x-ray technician at his home while he is on-call is not a compensa-ble injury under the Workers’ Compensation Act.
LSA-R.S. 28:1081 A provides that “[i]f an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation -” • The terms “arising out of’ and “in the course of’ employment 1 sconstitute a dual requirement. Raybol v. Louisiana State University, 520 So.2d 724 (La.1988). The former term suggests inquiry into character or origin of risk, while the latter brings into focus the time and place relationship between risk and employment. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152.
As an employee on-call, Seal was required to be available for work throughout the night, and able to arrive at work within one hour of being called in. Additionally, he received $1.25 per hour while on-call, received one hour’s straight pay once called back to work, and, upon arrival at the hospital, went on the clock at one and one-half times his hourly rate of pay.
Shortly before the accident, the defendant contacted Seal and told him to return to the hospital. At the time of the accident, Seal was preparing to leave his residence and return to work. That he was still in his residence at the time of the accident is not dispositive of the issue of whether or not he was in the course and scope of his employment. At the time of the accident, he had been required by his employer to return to work and was being compensated by his employer. Clearly, Seal was under his employer’s control. Therefore, considering the character or origin of the risk in this case along with the time and place relationship between the risk and the employment, we find that the injury arose out of and in the course of his employment.
Our holding in this case is limited. It turns on the facts that the employee had been called to work by his employer and was being compensated at the time of the accident. We do not hold that an employee is in the course and scope of his employment simply because he is on-call. For the foregoing reasons, the writ is denied.
WRIT DENIED.